### DUDLEY H. JONES *v.* SAVEDRA W. TAYLOR.

#### *Chattel Mortgage.*

A chattel mortgage executed in New York by a citizen of that state, where the property had its visible locality at the time of the execution of the mortgage, and valid by the laws of New York without a change of possession, will protect the property from attachment in this state at the suit of creditors of the mortgagor resident here, though found here in the possession of the mortgagor.

The case of *Skiff* v. *Solace*, 23 Vt. 279, overruled, so far as it conflicts with this principle.

It is immaterial, in this respect, whether the mortgage has been foreclosed, and the mortgagee's title to the property become absolute; or whether the mortgage is still out standing, and the title of the mortgagee merely conditional.

REPLEVIN for the schooner Waterwitch. The plaintiff was described in the writ as a resident in the state of New York.

The defendant pleaded that the schooner belonged to one Landon, also a resident in New York, and filed an avowry, acknowledging the taking of the schooner on the 24th day of November, 1854; but averred that he attached it as constable of the town of Burlington, while in Landon's possession, in a suit against Landon in favor of a citizen of Vermont, which suit was still pending, and under which attachment he had held the schooner until it was replevied by the plaintiff.

The plaintiff replied, that on the 22d day of April, 1854, Lan-

Jones *v.* Taylor.

don, then owning said schooner, and having it in his possession in the state of New York, there executed to the plaintiff a chattel mortgage thereof, conditioned for the payment at maturity by Landon of a promissory note for four hundred dollars, signed by Landon and by the plaintiff, as Landon's surety, and payable to one Smith in one year from date, with interest. The plaintiff in his replication recited the New York statute relative to chattel mortgages, and averred a full compliance with all its provisions in regard to recording the mortgage, and filing in the proper office a statement of his interest therein, so as to vest in him by the laws of New York, a valid title to said schooner against all persons, without any change of possession, and the right to take possession thereof at his pleasure, under said mortgage. The plaintiff further averred, that said note had become due, and that Landon had not paid the same, or any part thereof, and that the plaintiff had paid the interest thereon.

To this replication the defendant demurred.

The county court,—POLAND, J., presiding,—adjudged the replication insufficient, and rendered judgment for the defendant.

Exceptions by the plaintiff.

*Peck & Harvey,* for the plaintiff.

1. The title of Jones was perfect as a mortgage title, both against Landon and third persons, by the law of New York; the parties to the mortgage being domiciled there, and they and the property already within that state at the time.

*a.* The present transfer was not merely of *a lien,* but of a *proprietary interest,* a *jus in re,* or *jus ad rem.* 1 Story Eq. Jur. 506; 1 Pet. 440, 442, *Conrad* v. *Atlantic Ins. Co.*

*b.* As such, it is within the principle, that a transfer will be recognized in a foreign jurisdiction, to the same extent to which it is in that wherein it is made, without distinction between absolute and conditional transfers. 2 Kent's Com. 403, 406, (note *p.*); Story on Conflict of L. secs. 376, 377, 379, 380, 383, 384, 327; 1 Cromp. & Jerv. 156, *In re Erwin;* 4 Term, *Hunter* v. *Potts;* 3 Ohio 448, *Rogers* v. *Allen;* 4 Mass. 661, *Portland Bank* v. *Stacy;* 4 Martin 20 (1 Cond. Lou. Rep. 208), *Norris* v. *Mumford;* 7 Martin 318 (1 Cond. Lou. Rep. 566), *Thurset* v. *Jenkins;* 7 Martin

Jones v. Taylor.

707 (1 Cond. Lou. Rep. 607), *Peice* v. *Morgan;* 14 Martin 93 (2 Cond. Lou. Rep. 607), *Olivier* v. *Lowars.*

The transfer by indorsement of the bill of lading is sustained only by this general principle. Story on Conflict of L. sec. 394. No distinction is made between a case of *absolute* and *conditional* transfer. That in 2 T. 63, *Lickbarrow* v. *Mason*, was as security.

An assignment by a creditor at his domicil of a debt due by a citizen of a foreign jurisdiction, valid by the law of the place of assignment, protects it against attachment in the *loco rei sitæ* without notice, *whether* the assignment is *absolute* or *conditional.* Story Conflict L. 395, 400 (396, 397).

The same is true of assignments of insolvents (voluntary assignments). The English and American law concur in this. They differ as to the effect due to *involuntary assignments*, the former placing them on the same basis with voluntary ones.

*c.* If the mortgage title is to be treated as a lien, the same principle would apply, it having been obtained, and being as such, good against third persons, by the New York law, before the attachments. 1 East 515, *Inglis* v. *Usherwood;* Story Conflict L. secs. 401, 402, (403), 321 *b*, 322 *c;* 4 Johns. Ch. 487, *Holmes* v. *Remsen.*

2. *Skiff* v. *Solace*, 23 Vt. 279, is opposed to the general law, and was overruled by *Taylor* v. *Boardman*, 25 Vt. 581. The question in each case turned on the same principle.

The authorities on which the court relied in 23 Vt., have no connection with the point. See 13 Mass. 146, *Ingraham* v. *Geyer;* Story on Conflict of L. secs. 323, 326; 5 Cranch. 281 (2 Con. 261), *Harrison* v. *Story;* 12 Wheat. 213 (6 Con. 527, 528), *Ogden* v. *Saunders;* 5 East 124, *Potter* v. *Brown*, sustains the plaintiff.

*Daniel Roberts* and *Wm. G. Shaw*, for the defendant.

In this action of replevin, if the defendant has pleaded any one matter, which justifies the taking and detention of the property, this is an answer to the action.

Under the avowry the single question is presented whether personal property, mortgaged in the state of New York pursuant to the laws of that state, to secure a collateral liability, not yet

Jones *v.* Taylor.

matured, the residence of mortgagor and mortgagee being in that state, is, when brought within this state by the mortgagor, protected from an attachment upon the debt of the mortgagor to a resident citizen of this state, who has no notice of the mortgage.

This question and more was decided in favor of the attachment in *Skiff* v. *Solace*, 23 Vt. 279.

In that case the mortgage was for an absolute debt; here, to secure a collateral liability not yet matured. There, the mortgagee had a right, by the terms of the mortgage, to immediate possession of the property; here, there seems to have been no such right. There, the property was brought into the state for a temporary purpose only; here, it must be supposed to have come into this state in the way of its regular lake trade, and to have had a proper *situs* here as well as in New York. There, the contest was between two citizens of this state; here, between a citizen creditor attaching, and a citizen of another state mortgagee. This case, like that, presents the question of *priority of liens;* but this priority " forms no part of the contract itself," but " depends upon the law of the place where the property lies, and where the court sits, which is to decide the cause." MARSHALL, Ch. J., in *Harrison* v. *Sterry*, 5 Cranch 294.

*Taylor* v. *Boardman*, 25 Vt. 581, in its distinctions, is a full authority to sustain the decision of the county court in this case.

The opinion of the court was delivered by

BENNETT, J. This case involves the validity of the plaintiff's title to property under a chattel mortgage, executed in the state of New York, where both parties to it resided, and where the property had its visible locality at the time of its execution. No question is made but what the mortgage was recorded according to the law of New York, and that the plaintiff's title to the property in that state was valid against all persons, without a change in the possession. The only question now mooted is, simply, whether the mortgage will validate the plaintiff's title to the property in this state, without a change in the possession, against attaching creditors? It must be admitted, we think, that the case of *Skiff* v. *Solace*, 23 Vt. 279, and of *Taylor* v. *Boardman*, 25 Vt. 581, can not well stand together, *upon principle;* and that an attempt to

distinguish them cannot well succeed; although in the latter case, the court felt a reluctance in overruling the case in 23 Vt. That case seems to have been put upon the ground that it was a controversy in regard to conflicting *liens,* which might be governed by the *lex fori.* But the plaintiff's right in that case, was something more than a *lien,* although in courts of equity a mortgage is frequently spoken of as a *lien* for a debt. The title to the property passed conditionally to Skiff by the mortgage as a security for his debt. He had strictly a title in trust ; and if the debt had been paid, he would have held the property for the sole benefit of the mortgagor. See *Conrad* v. *The Atlantic Ins. Co.,* 1 Pet. 440, 441. Although personal property may have a *visible locality,* yet it can not, in a proper sense, be said to have a *situs,* but it follows the domicil of the owner ; and it is too well settled to need authority, that its disposition, or alienation, is to be governed by the laws, rules and regulations which prevail in the place of the owner's domicil. It has been sometimes said, that if the property has its *visible locality* in a different jurisdiction from that in which the alienation is made, it forms an exception to the general rule, and that the law of the place where the property had its locality would prevail over the law of the place of the domicil of the owner. But in this case, it is of no importance to consider the soundness of the exception, though it seems to be repugnant to the notion that movable property has no *situs.*

To decide this case for the defendant upon the ground that the attaching creditors are citizens of this state, and the mortgagee a citizen of New York, would be, as it seems to us, to proceed upon a narrow and selfish policy, which would ill become a court of justice. The rule, that the law of the domicil of the owner of movable property governs as to its alienation, is said to be a part of the *jus gentium ;* and though it is usually said, that in giving effect to this chattel mortgage, the laws of this state give way to the laws of New York, and that, as matter of *comity,* we allow them to prevail in our courts, yet, it seems to me, the assumption can not be regarded as strictly correct, and that the true principle is, that it is a part of *our common law,* that the alienation or disposition of personal property, valid by the laws of the domicil of the owner, and where it has its locality, is equally valid here.

Jones *v.* Taylor.

The principle of our law which renders a sale or mortgage of personal property *void* against creditors, where there has been no change in the possession, should not have reference to cases where the title has vested under the laws of another state, but should operate only upon sales and mortgages made within the state. If we regard it as a part of the law of this state, and not simply *as matter of comity,* in holding that the plaintiff's title under his' mortgage is valid here, without a change in the possession, it is quite clear that the fact, that the defendant represents citizens of this state, can make no difference. In *Taylor* v. *Boardman,* the junior title was claimed in behalf of a citizen of this state; yet it was not allowed to have any controlling influence.

The mortgage, upon being recorded, divested the property in the schooner out of Landon, even as against his creditors, without a change in the possession; and we can not see that the bringing the property into this jurisdiction would any more reinvest him with the property, than it would if he had had the absolute title.

The case of the *United States Bank* v. *Lee et al.,* 13 Pet. 107, is strongly in point. In that case, a deed of personal property was executed in Virginia in trust. The deed was recorded in pursuance of the statute of Virginia, but there was no change in the possession of the property; and the deed having been recorded, the laws of Virginia required no change to validate the conveyance against every body. It was held, under a jurisdiction where the title under the deed would have been invalid for the want of a change in the possession, that the Virginia deed secured the same rights in this latter jurisdiction as it did in Virginia; and the court treated it, even at that day, as, to some extent, *an adjudged question.* See that case, and the cases there cited.

The case in 13 Peters, as well as the cases in this state, are cases where the rights of the plaintiffs arose *immediately* and *directly* from the deeds themselves of the persons under whom they severally claimed; and we apprehend, that such rights are to be taken *as belonging to the contract,* and not to the remedy, and are not to be controlled by the *lex fori.* They differ widely from cases where the assignments or transfers are created and rest upon the operation of the laws of a country, *independent of any deed or contract,* and where the rights and liabilities are such, and only

---

---

such as the law creates. In *Harrison* v. *Sterry*, 5 Cranch 289, operation was given to a law of the United States, which gave a preference to debts due the United States, although the debt was contracted in England by an Englishman — and this too, to the prejudice of the law of England, which gave the same debt to the assignees of the bankrupt under their law. That case is put upon the ground that a right of *priority* belongs to the remedy, is not a part of the contract, but is a matter entirely aside or *extrinsic* to the contract.

See also *Ogden* v. *Saunders*, 12 Wheaton 213, and cases there cited. I. is not to be questioned at the present day, but what the *nature, validity* and *interpretation* of contracts are to be governed by the laws of the country where the contracts are made, or are to be performed; but the remedies are to be governed by the laws of the country in which the suit is brought. It may be said, that, *generally* — and I am not now prepared to say it is not universally so — that *liens, created by operation of law* and rights of *priority* of satisfaction, given to creditors by the laws of particular countries, as well as the order of the payment of debts, belong to the remedy, and are governed by the *lex fori*.

These rights seem to be no part of the contract, but arise from matter *extrinsic*. It was well said by Justice PHELPS, in the case of *Pickering* v. *Fisk*, 6 Vt. 108, that "what appropriately belongs to the contract and what to the remedy, is not always a question of easy solution." There can be no doubt that the proceedings by the attaching creditors to collect their debts, and their rights in that respect, belong to the remedy; and we apprehend it is equally clear, that the right of the plaintiff to hold a conditional title to the schooner, as security for his debt under his mortgage, arises from and belongs appropriately to the contract, and is of its very essence; and if so, his rights should not be bounded by the government lines in which they had their origin, but should be respected by all civilized and christian nations. In the case of *Taylor* v. *Boardman*, the court evidently manifested a strong desire not to overrule the case of *Skiff* v. *Solace*, and labored to distinguish the two cases; but, upon mature consideration, we think that that case has no sound basis upon which it can rest; and that it is wholly immaterial whether the mortgage has been foreclosed, and the title

to the property become absolute, or whether the mortgage is still out standing, and the title of the mortgagee conditional only; and that this case and the case of *Skiff* v. *Solace*, in principle, are the same as that of *Taylor* v. *Boardman.* Though we are averse to overruling cases which have been once decided by this court, and in ordinary cases should not do it, yet the present case is somewhat peculiar. We are surrounded on three sides of the state by governments whose laws recognize the validity of chattel mortgages, and when duly recorded, they become, to all intents and purposes, operative against creditors without a change in the actual possession of the chattels. Property so held in mortgage is at all times liable to find its way within our jurisdiction; and the citizens of our sister states, who hold property by a title valid by the laws of the state in which the title was created, might with some propriety, claim that this court should not be governed by any narrow policy in regard to their rights; and we think it better to put this case upon what we deem to be sound principles of law, though we thereby contravene a former decision, rather than continue in what we now esteem an error, especially on a question involving interests like the present.

The result is, the judgment of the county court is reversed, and the replications of the plaintiff are adjudged sufficient, and judgment is rendered for the plaintiff to recover the sum agreed as damages, and his costs.