### ELISHA A. MARTIN *v.* L. POTTER & CO. AND TRUSTEES AND CLAIMANTS.

*Trustee Process.   Foreign Assignment.*

When the defendants, who were citizens of New York, assigned their property for the benefit of their creditors, and among the claims so assigned was a debt due to them from the trustees who were citizens of Vermont, but before notice to the trustees by the assignees, the debt, due from them to the defendants, was attached by trustee process by the plaint'ff who were creditors of the defendants; *Held,* the plaintiffs were entitled to hold the debt rather than the assignees.

TRUSTEE PROCESS. It appeared that on the 7th day of January, 1858, the defendants, L. Potter & Co.; made an assignment of their property; that said assignment was duly executed by said Potter & Co., and recorded, and the said claimants accepted of the assignment, and claimed to hold the property of said Potter & Co., under and by virtue of said assignment. It further appeared that the plaintiff, and L. Potter & Co, and said claimants, are all resident citizens of the state of New York, and that the assignment was made in New York; that the trustees in this case are resident citizens of Vermont, and contracted the debts for which they have disclosed as due to L. Potter & Co., in the state of New York; that the trustee process, which is made a part of this case, was issued in this state, and the suit instituted by the plaintiff, and due service made on the trustee, and no notice had been given to, or had by, said trustees at the time of the service of the trustee process upon the trustees, of any assignment made by said Potter & Co., to the said claimants, or of any transfer of the claims in favor of L. Potter & Co., against said trustees.

The court, at the September term 1859, PIERPOINT, J., presiding, upon the above statement of facts, decided *pro forma,* that the trustees were chargeable in the amounts disclosed by them, and that judgment be entered against the defendants, and the trustees, and the claimants.

To the decision of the court in deciding the trustees liable in this case, the claimants excepted.

*Linsley & Prout,* for claimants.

*I. T. Wright* and *E. N. Briggs,* for plaintiff.

ALDIS, J.   In *Hanford* v. *Paine and Trustee*, 32 Vt. · 442, it was held that foreign assignments of property within this state, though not pursuing the provisions of our statutes as to assignments, if valid where made, would be valid here.   At the same term in *Rice & Danenbaum* v. *Curtis*, 32 Vt. 460, it was adjudged that the creditors of the assignor might lawfully attach and hold personal property transferred by a valid foreign assignment, where the assignee had not taken possession of the property assigned.   This decision rests upon the settled policy of our state, that sales and assignments of personal property, unaccompanied by a visible change of possession, will not protect the property against attachment by the creditors of the original owner.

By our statutes, choses in action and negotiable promisory notes over or under due, are liable to be attached by the trustee process, unless they have been negotiated and notice thereof given to the maker before the service of the trustee process. Debts thus become liable to attachment like personal property— and notice to the maker of their transfer, is, like the change of possession as to personal property, indispensable to protect them from being attached by the creditors of the party to whom they were originally due.   This analogy between attachment of choses in action and of personal property has always been observed in this state.   Thus knowledge by the creditor that the personal property has been sold, does not deprive him of his right to attach, so long as the sale is not perfected by possession in the vendee ; and knowledge by the creditor that the chose in action has been transferred by his debtor is held not to be the notice required by the statute which defeats the right of attachment. There must be notice given by the assignee of the chose in action to the person liable upon it.

As these settled rules of law apply to all assignments of choses in action made in this state between our own citizens, and are founded upon the very words of the statute and the long established policy of the state, it is clear that we ought not to give to the transfer of a chose in action, made in a foreign state, greater force and reach than to one made at home.   No comity can require us to abandon the settled policy and statute law of the state in

favor of foreign vendees or assignees. The reasons set forth by Ch. J. Redfield in *Rice & Danenbaum* v. *Curtis* as to personal property, apply equally to choses in action. Indeed he illustrates the reasonableness of the rule as applied to personal property by referring to the law as applicable to the trustee process in regard to choses in action, and thus by anticipation decides the very question before us.

It is true, that the possession of personal property by the vendor gives him a credit in the eyes of the world, and that this reason does not apply to debts. But there is another reason for the policy which requires possession to accompany sales—viz: the temptation to, and the opportunity for. fraud, when possession is not changed, which applies with equal force to the secret transfers of debts without notice to the debtor. There can be no visible possession of a debt. But as one wishing to attach, and therefore to ascertain whether a debt had been transferred, would naturally inquire of the debtor, and .as one taking an honest assignment of a debt would naturally notify the debtor, the law requires such notice to be given, and such notice is in lieu of change of possession. These views may be supposed to have conduced to the adoption of our statute ; but whatever the reasons, we think the harmony of the law requires that the same rule that applies to the attachment of chattels, should apply also to the attaching of debts by trustee process ; and that possession in the one, and notice in the other, must be required to perfect the right of the vendee or assignee as against creditors' attachments.

Judgment affirmed.