No. 8358.

## THE AMES IRON WORKS v. WARREN ET AL.

CHATTEL MORTGAGE.—*State Comity.*—A chattel mortgage, executed and recorded in the State where the property is situated, will, if valid under the laws of the place of execution, be enforced by the courts of the State into which the property is afterwards brought by the mortgagor, unless there is some statute to the contrary.

SAME.—*Personal Property.—Lex Situs, Lex Domicilii.*—As a rule, personal property is governed by the law of the domicile of the owner, and not by the law of the *situs* of the property; but an assignment of personal property by way of mortgage is an exception to the rule, and the *lex situs*, and not the *lex domicilii*, governs chattel mortgages.

The Ames Iron Works *v.* Warren *et al.*

SAME.—*When Void as to Attachment Creditors of Mortgagor.*—A chattel mortgage, executed and recorded in another State, on property within this State, the mortgage not having been recorded in this State, and there never having been a delivery of the property to the mortgagee, is invalid as against attaching creditors.

From the Lake Circuit Court.

*E. Griffin* and *C. F. Griffin*, for appellant.

ELLIOTT, C. J.—The Ames Iron Works sold to Warren & Carter a steam engine and boiler. The sale was made in Chicago, Illinois, on the 9th day of September, 1879, and the property was then in that city. At the time of the sale the purchasers executed their promissory notes for the unpaid purchase-money, and one month afterwards executed a chattel mortgage to secure the purchase-money notes. The mortgagors were residents of Cook county, Illinois, at the time they purchased the property and at the time the mortgage was executed by them. The mortgage was executed and recorded in the said county of Cook, in strict conformity to the statute of Illinois. The property was not in Illinois at the time the mortgage was executed, but had been brought by the mortgagors into this State, where it was at the time the mortgage was executed and recorded. Appellees levied an attachment upon the engine and boiler, and the contest is as to their right to hold the property discharged from the lien asserted by appellant.

A chattel mortgage, executed and recorded in the state where the property is situated, will, if valid under the laws of the place of execution, be enforced by the courts of the State into which the property is afterwards brought by the mortgagor, unless there is some statute to the contrary. *Blystone* v. *Burgett*, 10 Ind. 28 ; *Offutt* v. *Flagg*, 10 N. H. 46 ; *Beall* v. *Williamson*, 14 Ala. 55 ; *Smith* v. *McLean*, 24 Iowa, 322 ; *Arnold* v. *Potter*, 22 Iowa 194 ; *Wilson* v. *Carson*, 12 Md. 54 ; *Jones* v. *Taylor*, 30 Vt. 42 ; *Jeter* v. *Fellowes*, 32 Pa. St. 465. This case does not, however, come

within this rule, for the reason that the property was not in the State where the mortgage was executed and recorded.

It is the general rule, that personal property is governed by the law of the domicile of the owner, irrespective of the situation of the property. By a legal fiction, personal prop-. erty is supposed to adhere to the person of the owner, and, unlike real property, to be governed by the law of the place where the owner is domiciled, and not by the law of the *situs* of the property. This doctrine rests upon the maxim: "*Mobilia ossibus inhærent.*" The general rule must be . deemed settled, although many judges and many authors have spoken of it with bitter censure and yielded to it with extreme reluctance. By force of this legal fiction, personal property, no matter how ponderous or unwieldy, in legal contemplation, changes location with every change of the owner's domicile. The fiction does, it must be owned, produce strange incongruities, and lead to almost grotesque results. The rule is nevertheless, as yet, the generally accepted one. Story Conflict of Laws, sec. 379 ; Rorer Inter-State Law, 194 ; Am. L. Rég., November, 1881 ; 1 Wharton Conflict of Law, sec. 297 ; *Murray* v. *Charleston*, 96 U. S. 432.

Recognizing the fact that the general rule is itself of doubtful soundness, courts have created many exceptions. An assignment of personal property, by way of mortgage, is an exception to the general rule. The law of the *situs* and not the *lex domicilii* governs chattel mortgages. The exception rests on solid ground, and is well supported by the adjudged cases. In the case of *Clark* v. *Tarbell*, 58 N. H. 88, it was held that a mortgage of chattels in the State of New Hampshire at the time the mortgage was executed was invalid as against attaching creditors, although executed in conformity to the law of the State wherein the mortgagor was domiciled. It was there said: "If a foreigner or citizen of another State send his property within a jurisdiction different from that where he resides, he impliedly submits it

Ames Iron Works *v.* Warren *et al.*

to the rules and regulations in force in the country where he places it. What the law protects it has the right to regulate. And if two persons in another State choose to bargain concerning property which one of them has in a chattel not within the jurisdiction of the place, they can not expect that the rights of persons in the country where the chattel is will be permitted to be affected by their contract.'' This question came before the Supreme Court of the United States in *Green* v. *Van Buskirk*, 7 Wal. 139, and it was held, reversing a decision of the Court of Appeals of New York, that a mortgage executed in conformity to the laws of the State of New York upon property at the time in the State of Illinois, was invalid as against attaching creditors, although the mortgagor was a resident of New York. The court there said: ''It would seem to be unnecessary to continue this investigation further, but our great respect for the learned court that pronounced the judgment in this case, induces us to notice the ground on which they rested their decision. It is, that the law of the State of New York is to govern this transaction, and not the law of the State of Illinois where the property was situated; and as, by the law of New York, Bates had no property in the safes at the date of the levy of the writ of attachment, therefore none could be acquired by the attachment. The theory of the case is, that the voluntary-transfer of personal property is to be governed everywhere by the law of the owner's domicile, and this theory proceeds on the fiction of law that the domicile of the owner draws to it the personal estate which he owns wherever it may happen to be located. But this fiction is by no means of universal application, and as Judge Story says, 'yields whenever it is necessary for the purposes of justice that the actual *situs* of the thing should be examined.' '' There are other cases sustaining the proposition, that a mortgage of chattels is governed by the law of the place where the chattels are

located at the time of the execution of the mortgage. Among them *Rice* v. *Courtis*, 32 Vt. 460 ; *Martin* v. *Potter*, 34 Vt. 87 ; *Whitman* v. *Conner*, 40 N. Y. Superior Ct. 339 ; *Golden* v. *Cockril*, 1 Kan. 259 ; *Denny* v. *Faulkner*, 22 Kan. 89 ; *Guillander* v. *Howell*, 35 N. Y. 657.

The chattel mortgage, upon which the appellant rests its claim to the property in controversy, never having been recorded in this State, and there never having been a delivery of the property to the mortgagee, must be regarded as invalid against attaching creditors.

Appellees' counsel have not favored us with a brief, and it is very probable that we have left interesting questions unnoticed.

Judgment affirmed.