### Charles D. Bridges, et al., v. Thomas E. Barrett, Sheriff, et al.

#### Gen. No. 12,318.

1. CHATTEL MORTGAGE—*effect given to, where executed in sister state.*
A chattel mortgage upon personal property subsequently brought into
this State will be given the same effect as would be given it in the state
of its execution.

2. CHATTEL MORTGAGE—*to what law should conform.* A chattel
mortgage, to constitute a valid lien on personal property, must con-
form to the laws of the state of the *situs* of the property, and not to
the laws of the state of the domicile of the owner.

Bill to enforce lien, etc. Appeal from the Superior Court of Cook
County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the
Branch Appellate Court at the March term, 1905. Affirmed. Opinion
filed April 10, 1906.

**Statement by the Court.** Appellants are residents of
Memphis, Shelby county, Tennessee. On the 22nd of
August, 1904, they filed their bill of complaint in the Su-
perior Court of Cook county, reciting in substance that
April 20, 1904, appellee H. C. Loeb, also of Memphis, Ten-
nessee, was indebted to them in the sum of $2,294, and
that he executed and delivered to them two promissory
notes of that date, each for $1,147, payable to appellants'
order respectively June 1st and July 1, 1904, at the Na-
tional Bank of Commerce at Memphis, of which notes ap-

pellants are still holders and owners; that said notes are secured by a trust deed conveying to one George Harsh as trustee six registered race horses, each described by name; that said trust deed was duly acknowledged April 20, 1904, and duly filed for registration and recorded in accordance with the laws of Tennessee in the register's office of said Shelby county, Tennessee, on July 28, 1904. Complainants state that in and by the laws of Tennessee it is provided that a trust deed so registered in the county where the vendor or person executing such trust resides, or if non-resident, where the property is, and so acknowledged by the maker, shall be notice to all the world from the time when so noted for registration, and shall take effect and be binding upon all persons from that time; and that by the laws of said state, the taking of personal property out of the state to be used in due course of the owner's business is not a removal of said personal property from the state within the meaning of the law, but that during such absence said property is in contemplation of law still within said state; and it is averred that such trust deed does not become invalid or non-effective by reason of the trustee not taking possession of the mortgaged or trust property when the debt so secured becomes due.

It is further alleged that at the time of the execution, acknowledgment and registration of said trust deed said H. C. Loeb was, ever since has been and is now a resident of said Shelby county, Tennessee, and that said horses were race horses, and were then and ever since have been up to the time of the levy of executions and attachment writ hereinafter mentioned, used by said Loeb, the owner, for racing purposes and in the regular course of his business were taken from place to place to be used for such purposes; that in May, 1904, shortly after the execution of the said trust deed, they were taken into Kentucky and there used in the regular course of the owner's business in racing, and thence in June, 1904, were taken to Cook county, Illinois, for the same purposes in the regular course of the said owner's business at race tracks in said Cook county;

that it was said Loeb's intention, when he removed said horses from Tennessee, to use them while temporarily absent therefrom in his said business and after the racing season return with them to said Shelby county, Tennessee.

There is due on said notes $2,294 and interest. Said trustee Harsh resigned at Memphis on the 5th of August, 1904, and declined to serve as such trustee or to execute the trust imposed upon him by said trust deed. At the August term, 1904, of the Superior Court of Cook county, Illinois, judgments were recovered against said Loeb in favor of certain of the appellees and executions thereupon were issued to Thomas E. Barrett, sheriff of said Cook county, and duly levied upon five of the race horses described in said trust deed, and the said horses were advertised for sale on Monday, August 22, 1904, at ten o'clock A. M.

The bill alleges that at the time of the commencement of said suits four of said plaintiffs therein were and are residents of Shelby county, Tennessee, and one of them a resident of Kentucky; that August 1, 1904, one Costello sued out an attachment writ before a justice of the peace against said Loeb which was levied by a constable upon one of said horses. Complainants have demanded possession of all the property so levied upon, which demands have been refused. It is alleged that by the laws of Tennessee the grantor in such trust deed is permitted to remain in possession of the property thereby conveyed without invalidating the lien of the trust deed as well after as before the maturity of the debt thereby secured; that said trust deed is a valid and prior lien to said executions and attachment writ; that said Loeb is insolvent, and that unless permitted to enforce their said lien complainants will be unduly prejudiced; and that all said judgment and attaching creditors had notice of the existence of said trust deed and of the indebtedness thereby secured at and before the commencement of said suits.

Appellants pray for a decree against said Loeb and that in default of payment of the amount due them the trust property so levied upon and attached be sold as the court

shall direct; that said property be delivered at once to appellants or to a receiver and that said sheriff and constable be enjoined from interfering with said property or selling or disposing of the same.

The bill was subsequently amended, a demurrer to it was sustained and an appeal allowed, pending which on complainants' motion it was ordered that the sheriff and constable be allowed to proceed with the sales of the horses levied upon, the proceeds to be retained until further order of court.

HOYNE, O'CONNOR & HOYNE, for appellants.

CONRAD H. POPPENHUSEN, CARUTHERS EWING and S. S. GREGORY, for appellees; JOSEPH L. McNAB, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is suggested by counsel for appellees, though not urged, that the proceeding in this case was irregular; but it does not seem to be seriously contended that a bill in equity may not lie in a case of this kind. Assuming therefore that such a bill may be maintained where there are successive liens or incumbrances upon mortgaged property, the question is whether under the averments of the bill appellants are entitled to the relief sought. It is contended in their behalf that personal property taken temporarily out of the state in the regular course of the owner's business to be thereafter returned, is in legal contemplation at all times within the state, and that the trust deed set forth in the bill created a binding lien on the horses therein described, enforceable in this state.

It is not questioned in behalf of appellees that a lien created in a foreign state will be given as a matter of comity the same effect in this state that it would have in the state where it was created, but it is insisted such lien will be given no greater effect here than there, and that in the case at bar no lien was created by the trust deed referred to, which was ever valid in Tennessee upon the property in controversy, and none therefore which can be given

effect in Illinois. It appears from the bill that the chattel mortgage securing complainants' notes was executed and acknowledged in Memphis, Shelby county, Tennessee, April 20, 1904. It was not recorded there, however, until July 28th following. Meantime, in May, 1904, the mortgaged horses, with one exception, were taken from Shelby county, Tennessee, to Kentucky and subsequently brought into this state. When they left Tennessee the trust deed which conveyed them to secure complainants' notes had not been registered and under the laws of that state was not as yet a valid lien. The subsequent registration of the trust deed in Shelby county, Tennessee, when the property was no longer in that state and when it was within the jurisdiction of Illinois, had no effect anywhere. If valid in Tennessee, the lien of the trust deed would be given the same effect in this state. Ames Iron Works v. Warren, 76 Ind. 512; Mumford v. Canty, 50 Ill. 370–376. But it never became valid there. It is difficult to see, therefore, upon what basis it is possible to give it effect here or to exempt it from the operation of our laws.

In Jones on Chattel Mortgages, section 305, it is said: "The *lex situs* governs where a mortgage is executed in a State other than that in which the property is situate. Though it be executed according to the requirements of the law of the domicile of the owner in another State, the mortgage will be invalid as against attaching creditors in the State where the property is located, unless the mortgage conforms to the laws of the latter State. The mortgage to be valid must be executed, acknowledged and recorded according to the law of the place where the property is at the time." To the same effect is Golden v. Cockril, 1 Kans. 259–270, and in Bank v. Hill, 99 Tenn. 42–44, it is said: "By the laws of both States (Arkansas and Tennessee) *bona fide* claimants under duly registered mortgages are protected whenever the property conveyed was within the limits of the State when such registration took place and as long as the courts of that State can exercise jurisdiction over it." When the trust deed in controversy was regis-

tered in Shelby county, Tennessee, the horses were in Illinois.

It is urged, however, by appellants that in "contemplation of law the property never left the county of Shelby," that all the judgment creditors had notice of the trust deed and the indebtedness thereby secured prior to and at the time of the commencement of the various suits. But in fact as well as in legal contemplation the property did leave that county and state without any valid lien upon it. Nor is it material whether the judgment creditors knew of the existence of the unregistered trust deed conveying personalty or not, under the laws of Tennessee as construed by its own court. In Coward v. Culver, 59 Tenn. 540–544, it is said that "creditors are not affected by actual notice of unregistered deeds." See also Martin v. Potter, 34 Vt. 87.

An assignment of personal property by way of mortgage is an exception to the general rule that personal property is governed by the law of the domicile of the owner and not by the law of the *situs* of the property, and as to chattel mortgages, the *situs* and not *lex domicilii* governs. Jones on Chattel Mortgages, sec. 305, *supra;* Ames Iron Works v. Warren, 76 Ind. 512. Had the property been in Shelby county, Tennessee, when upon July 28th the trust deed in controversy was registered, the latter might for aught that appears have then become a valid lien in that state. But being then in Illinois the property was subject to and governed by the law of its *situs* at that time, and not by the law of its owner's domicile.

Finding no material error, the decree of the Superior Court must be affirmed.

*Affirmed.*