S. J. Doumas and Emma Doumas, Appellees, v. J. Mormella et al., Defendants. Yellow Manufacturing Sales Corporation, Intervening Petitioner, Appellant.

398

Heard in this court at the

E. M. Lewis and Harry C. Grossman, for appellant; Louis N. Grossman and Bernard A. Stol, of counsel.

Roscoe Forth, for appellees.

Mr. Justice Newhall delivered the opinion of the court.

This is an appeal from a judgment of the city court of Granite City, sustaining a demurrer filed by appellees to an intervening petition filed by appellant in an attachment case.

A suit in trespass was brought by appellees against certain defendants in the court below, who, according to appellees' declaration, drove a motor bus against appellees' building, damaging the same. Some of the defendants, not being found, an attachment in aid was sued out, the grounds alleged in the attachment being the nonresidence of the defendants, who owned the motor bus.

By virtue of the attachment writ, the motor bus in question was seized by the sheriff. Thereafter, appellant filed its intervening petition in the pending trespass suit, claiming title and the right to the possession of the motor bus. Upon demurrer being filed by appellees to the amended intervening petition of appellant, the same was sustained, the petition dismissed, and this appeal is prosecuted to reverse the judgment of the trial court.

The amended intervening petition avers that appellant is a corporation, with its principal place of business in Chicago, Illinois; that the motor bus in question was seized by virtue of a writ of attachment issued out of said city court, and that, at the time of seizure, was the property of appellant and not the property of the defendants in the attachment suit; that on the 26th day of May, 1926, appellant sold and delivered said motor bus at Chicago, Illinois, to S. M. Blumberg and J. Norniella, residents of the City of Detroit, Michigan;

that to secure the unpaid purchase price then due to appellant, Blumberg and Norniella, the purchasers, executed and delivered at Chicago, Illinois, unto appellant a chattel mortgage on said motor bus, bearing date May 26, 1926, in the sum of $8,615, and which motor bus, in accordance with the terms of the mortgage, was to be kept at 215 West Congress Street, Detroit, Michigan; that a copy of said mortgage was attached to the petition and made a part thereof; that Blumberg and Norniella, the mortgagors, acknowledged the same before a notary public of Cook county, Illinois, and the mortgage, with accompanying affidavits, was filed for record with the city clerk of the City of Detroit, Michigan, on May 28, 1926, in accordance with the statutes of Michigan relating to chattel mortgages, which are set forth in the petition.

The petition further avers that the said mortgagors were, at the time they executed said mortgage, residents of the said City of Detroit, Michigan, and still are such residents; that on May 3, 1927, appellant executed and filed in Detroit, Michigan, an affidavit for the renewal of said mortgage pursuant to the provisions of the Michigan Statutes, which are also set forth in the petition; that the mortgagors failed to pay the monthly instalments provided therein, and that, by reason thereof, appellant, the mortgagee, declared a default, and claims it is entitled to the possession of said motor bus to satisfy a balance due on the mortgage of about $4,065.

The chattel mortgage contains a covenant that the *mortgagors will keep said motor bus, when not in use, at No. 215 West Congress Street, in the City of Detroit, State of Michigan, unless the mortgagor shall secure the consent in writing of the mortgagee to a change in place of storing or housing said bus.*

Appellant contends that, although the mortgaged property and the mortgagors may have been temporarily in Illinois at the time the mortgage was

physically executed, still, the property being shipped and transferred immediately to Michigan in accordance with the terms of the mortgage, its recording in Michigan, at the residence of the mortgagors, was sufficient to give it validity, and that our courts should enforce it on the ground of comity.

Counsel are in error in assuming that the record shows that the motor bus was ever shipped or transferred to Michigan at any time after its purchase in Illinois on May 26, 1926.

By the averments of the amended petition, the motor bus was purchased from and delivered by appellant at Chicago, Illinois, on the same day the mortgage was executed and delivered by the mortgagors, at Chicago, Illinois, it being then acknowledged before a notary public of Cook county, Illinois.

While the mortgage recites that the mortgagors would keep said motor bus, when not in use, at No. 215 West Congress Street, in the City of Detroit, Michigan, yet there is no averment that, at and prior to, the recording of the mortgage, or, in fact, at any time prior to the filing of the amended petition, the property mortgaged was ever in the State of Michigan. So far as the averments of the amended petition are concerned, the mortgaged property may have been in the State of Illinois during the entire period from the date of its purchase until the levy by the sheriff under the attachment writ.

It is conceded by appellant that the mortgage was not made and recorded in the manner required by the Illinois Statute in reference to chattel mortgages, and that appellant's right must depend, in the first instance, upon the validity of the mortgage under the Michigan Statutes.

Appellant further contends that, although the mortgage was actually executed in Illinois on property then situated in Illinois, it was, in legal contemplation, and by intention of parties and the wording of the mort-

gage, *made* in Michigan, and is to be governed by the laws of Michigan.

Appellees contend that the situs of the property in question was in Illinois at the time of the sale, and at the time of the execution and delivery of the chattel mortgage. Therefore, the validity of the mortgage is controlled by our statute in reference to chattel mortgages, and that, appellant having failed to record the same in Illinois, appellees have a prior and valid lien on the property by virtue of their attachment writ.

In 11 C. J. 423, it is said:

"While it is often stated that personal property has no situs but follows the domicile of its owner, this fiction of law is ordinarily disregarded in the case of chattel mortgages, and the property is considered as having an actual situs at the place where it is located; hence, where a mortgage is executed in one state by parties resident or present therein, and the property mortgaged is located in another state, it is held, as a general rule, that the law of the state where the property is located will control as to validity and effect of the mortgage, the necessity of recording and the effect on creditors of a failure to record, and as to the question of its priority as between different lienholders."

In *Bridges v. Barrett,* 126 Ill. App. 122, it was held that a chattel mortgage, to constitute a valid lien on personal property, must conform to the laws of the State of the situs of the property, and not to the laws of the State of the domicile of the owner.

To the same effect are the following cases: *Ames Iron Works v. Warren,* 76 Ind. 512; *Aultman & Taylor Machinery Co. v. Kennedy,* 114 Iowa 444; *Green v. Van Buskirk,* 74 U. S. 139, 19 L. Ed. 109.

In *Hervey v. Rhode Island Locomotive Works,* 93 U. S. 664, 24 L. Ed. 1003, it was held that every State has the right to regulate the transfer of property within its limits, and that both residents and non-residents desiring to create a lien on personal property

situated in Illinois must comply with the Illinois law on chattel mortgages with reference to recording, and, if this is not done, the instrument has no validity so far as third persons are concerned.

The Michigan Statutes, set forth in appellant's petition, require that a chattel mortgage, in order to be valid as against the rights of third persons, shall be recorded *"where the goods or chattels are located,* and also where the mortgagor resides," except when the mortgagor is a nonresident, then "where the property is."

In *First Nat. Bank v. Weed,* 89 Mich. 357, 50 N. W. 864, the Michigan Supreme Court held that it is the intent of this statute that the filing for record should be in the place *where the property is* at the time of the execution and delivery of the mortgage, and not in some other place to which the property may be removed after the execution and delivery of the mortgage; that it was the further intent of the Michigan Legislature to fix a rule by which all mortgages should be filed and by which all should be governed, and that the time of the execution and delivery of the mortgage fixes and determines the place where such mortgage must be filed.

Before the mortgage in question could be said to be valid under the Michigan laws as to third persons, who have acquired a lien without notice, it would be necessary to show that the property mortgaged was actually located in the State of Michigan at the time of the execution, delivery and recording of the mortgage.

Under the facts shown by this record, the mortgaged property was situated in the State of Illinois at the time of the execution and delivery of the mortgage, and it does not appear from this record that the mortgaged property was ever removed from the State of Illinois.

In *St. Paul Cattle Loan Co. v. Hansman,* 215 Ill. App. 190, it was held that a chattel mortgage executed in Minnesota on property then situated there,

but afterwards recorded in Wisconsin on the theory that the mortgaged property was to be removed to the latter State, was invalid as to third persons without notice under the Wisconsin Statute for the reason that there was no proof that the property was ever in the State of Wisconsin, and, further, that such mortgage had no validity under the Minnesota Statute as to third persons without notice, for the reason that there was no attempt to comply with the Minnesota chattel mortgage laws.

If appellant had made such a showing in the record that it had a valid chattel mortgage under the Michigan laws as against the rights of third persons who acquired a lien without notice, then our courts, under the doctrine of the law of comity, would, in a proper case, enforce the lien of such valid mortgage. (See *Mumford v. Canty,* 50 Ill. 370; *Armitage-Herschell Co. v. Potter,* 93 Ill. App. 602.)

For the reason that appellant failed to show that it had a valid chattel mortgage lien on the property in question that was superior and prior to appellees' lien under their attachment proceedings, we are of the opinion that the judgment of the city court should be affirmed, and the same is hereby affirmed.

*Affirmed.*