## Commercial Banking Corporation v. Berkowitz et al.

*Edward M. Goldsborough,* for plaintiff; *Abe J. Goldin,* for defendants.

Smith, P. J., July 15, 1931.—This is a rule for judgment for want of a sufficient affidavit of defense and new matter.

The assignor of the plaintiff on September 13, 1929, leased an automobile to Joseph Berkowitz under the usual form of bailment lease used in this state. Default was made by Berkowitz in the payment of monthly rentals and the plaintiff, on January 6, 1931, had issued a writ of replevin for the automobile. The automobile was found in the City of Philadelphia by the sheriff in the possession of the Atlas Auto Painting Company. A statement of claim was

filed in the replevin action setting forth the facts. To this statement the Atlas Auto Painting Company filed an affidavit of defense and new matter. The plaintiff thereupon took this rule for judgment.

The defense set forth is that Berkowitz, on January 1, 1930, placed the automobile in a garage in New Jersey on storage; that when the storage charges amounted to $110, the automobile was advertised for sale and sold by a constable for these charges on October 23, 1930. The Auto Painting Company purchased the automobile at the sale for $100 and brought it back to Philadelphia, where it was replevied.

The new matter alleges that the advertisement and sale were made in pursuance with certain laws of the State of New Jersey, as follows:

"13. That pursuant to the laws of New Jersey of 1915, chapter 312, page 556, set forth in the Cumulative Compiled Statutes of New Jersey, volume 1, page 1977, sections 135-146, known as the Garage Keepers and Automobile Repair Men's Lien Act of New Jersey, and amendments, which law gives garage keepers a right of lien on motor vehicles left with the garage keeper for storage, maintenance, keeping or repairing such motor vehicles, the said automobile was advertised for sale by one C. Paul Jones, a duly appointed constable of Ocean County, New Jersey; and said car was sold by the said constable under the act aforesaid on October 23, 1930, to the Atlas Auto Painting Company, for the sum of $100."

The automobile was sold in the State of New Jersey under the Garage Keepers and Automobile Repair Men's Lien Act of 1915 of that state. The question for determination is: Did the plaintiff lose its title in the automobile when Berkowitz took it to New Jersey and permitted a storage bill there to remain unpaid so that it was sold under the Act of 1915 of that state? Under the pleadings, a garage keeper would have had no lien had the automobile been stored in this state: Nicolette Lumber Co. *v.* Coal Co., 213 Pa. 379. The owner of the title to the automobile did nothing to divest itself of title and, therefore, the garage keeper of New Jersey had no title to sell unless the law of New Jersey prevails over that of Pennsylvania.

It is true that personal property has no locality. It is a general rule of law that the title and disposition of personal property is governed by the law of the situs: Schmidt *v.* Perkins, 74 N. J. L. 785. But by a fiction of the law, long recognized, personal property is deemed attached to the person of the owner and so present at his domicile no matter where the actual location of the property may be: Ames Iron Works *v.* Warren, 76 Ind. 512.

In Loftus *v.* F. & M. N. Bank, 133 Pa. 97, 110, 112, Mr. Justice Mitchell said:

"The settled general rule is that the validity of a transfer of personal property is to be determined by the law of the domicile of the owner. . . . 'Where there is a conflict between a title, under the law of the country where a movable is situated, and under the law of the owner's domicile, the lex situs will in general prevail.'"

The sale in New Jersey did not pass a title good as against the real owner.

In 12 C. J. 472, § 66, it is stated: "The rule that the law of the situs governs rests on the fundamental proposition that every country has the right to subject all property within its jurisdiction to the control and regulation of its laws; it is subject to certain exceptions, the most important of which perhaps is that the law of the situs will not be followed to uphold a transfer when to do so would be contrary to the public policy of the forum."

The plaintiff has done nothing to deprive itself of title in this automobile. The action of the bailee cannot divest the bailor of title. If the plaintiff had

given its active or even tacit consent to the storage of the automobile in the State of New Jersey, it would be bound by the laws of that state.

In Sargent *v.* Usher, 55 N. H. 287, it was held that a mortgagor of horses in Massachusetts bringing them into New Hampshire could not subject them to a lien for their keep as against the Massachusetts mortgagee.

While this law relating to personal property may be a fiction and lead to what seem like incongruities, it has been adopted for general convenience and policy to prevent injustice being done. A wide field for fraud and deception could be practiced if goods in bailment could be carried without the borders of this state, placed in storage in another state and sold for nonpayment of storage, and the bailor left to an action in assumpsit against a worthless and unscrupulous bailee after he had been stripped of all title to his goods. As between the bailor and the purchaser at a constable's sale, the equity is with the bailor. It has done nothing to divest itself of title. The vendee at the sale at least had constructive notice that he was only getting such title as the constable had to sell. He purchased a car that had had a license from the Commonwealth of Pennsylvania.

The replevy in this state by the owner of the automobile after the vendee again brought it within the boundaries of Pennsylvania is legally sound.

*Decree.*

And now, to wit, July 15, 1931, the rule for judgment for want of a sufficient affidavit of defense and new matter is made absolute.