MANUFACTURERS ACCEPTANCE CORPORATION *v.* SHAVER MOTOR COMPANY, INC., ET AL.

[No. 17,904. Filed December 15, 1949. Rehearing denied January 13, 1950. Transfer denied March 21, 1950.]

*Alfred H. Highland;* and *Peters & Highland* (of counsel), all of Hammond, for appellant.

*Huebner & Huebner;* and *Carl A. Huebner* (of counsel), all of Hammond, for appellees.

ROYSE, J.—On or about September 19, 1944 the appellant, at its Knoxville, Tennessee office, loaned one Harry E. Johnson the sum of $437.90 on his promissory note secured by a chattel mortgage on a 1942 Pontiac Sedan Coupe. The mortgage was recorded in the office of the Register of Deeds, Anderson County, Tennessee on September 21, 1944. Johnson never made any payments on said note and mortgage.

About April, 1945, Johnson entered into negotiations with appellee Shaver Motor Company, Inc., at its Hammond, Indiana office, (hereinafter said appellee will be referred to as the Dealer and the appellee Kellison as the Purchaser) for the trade of the above mentioned automobile for one which said Dealer had for sale. After several conversations a deal was consummated

whereby the Dealer took said automobile in part payment on the purchase of the other car. As evidence of his title Johnson showed the Dealer a Georgia registration card showing no liens. Georgia has no Certificate of Title Act. They use only the certificate of registration to transfer in Georgia. Johnson also gave Shaver a cancelled conditional sales contract showing he had paid off the purchase price of said auto to General Motors at South Bend, Indiana. The Dealer told him because he was a resident of Illinois he would have to get a certificate of title in that State before the trade could be finally closed. Subsequently, Johnson returned with an Illinois certificate of title dated June 26, 1945 showing no liens. The Dealer sent the Illinois certificate of title he received from Johnson to the Secretary of State of Indiana and received in its name a certificate of title for said automobile. Subsequently, on or about August 10, 1945, the Dealer sold this car to the Purchaser who was a resident of Illinois, and transferred its Indiana title to this automobile to him. Several weeks after this sale appellant informed the Dealer of its mortgage. Thereafter, appellant brought this action in replevin against the Dealer and Purchaser. Trial to the court resulted in finding and judgment in favor of the Dealer and Purchaser.

The error assigned here is that the trial court erred in overruling appellant's motion for a new trial. In view of the conclusion we have reached, it is only necessary for us to consider the twenty-third specification of the motion for a new trial, which is that the decision of the court is contrary to law.

The validity and effect of a chattel mortgage are determined by the law of the State where the chattel is at the time when the mortgage is executed.

A. L. I. Restatement, *Conflict of Laws*, § 265; *The Ames Iron Works* v. *Warren et al.* (1881),

76 Ind. 512, 513; *The Cable Company* v. *McElhoe* (1915), 58 Ind. App. 637, 646, 108 N. E. 790.

In this case the trial court was required to take judicial notice of the law of Tennessee. Secs. 2-4801—2-4804, Burns' 1946 Replacement. Under the Statutes of Tennessee a chattel mortgage must be registered and recorded in the county where the mortgagor resides. Sec. 7626, Tennessee Code Ann. 1934. It is not disputed by the parties that under the law of Tennessee, when a chattel mortgage is properly executed and recorded the legal title of the chattel is transferred to the mortgagee.

The only question in this case as to the validity of appellant's mortgage under the law of Tennessee is whether the mortgage was recorded in the county of Johnson's residence. Appellant's Vice-President, testifying by deposition, said that at the time the mortgage was executed Johnson resided in Clinton, Anderson County, Tennessee. The Dealer and Purchaser contend there is a conflict in the evidence as to the place of Johnson's residence. They base their contention on the following recitals in the note and mortgage: In the note it is stated that as security therefor there is a "Chattel Mortgage dated 9-19-44 to Manufacturers Acceptance Corporation recorded in Registerers Office of Knox County in Chattel Mortgage Book ———." The first sentence of the mortgage provides, in part, as follows: "For the consideration hereinafter mentioned, I, or we, Harry E. Johnson of (Street Address) General Delivery, (City) Clinton, Tennessee, Knox County, State of Tennessee,".

We cannot agree with the contention of the Dealer and Purchaser in reference to these recitals. It is undisputed the mortgage was recorded in Anderson County and it was not recorded in Knox County. The above referred-to recital in the

note is palpably an error. The recital in the mortgage indicates Johnson lived in Clinton, Tennessee. The statement of "Knox County, Tennessee" in the mortgage is obviously an erroneous description of the location of Clinton, Tenn. This is particularly true when there is no contention that there is a city or town known as Clinton in Knox County. Such obvious errors do not have the dignity of substantial evidence which will contradict the positive evidence in the record herein that at the time the chattel mortgage was executed Johnson was a resident of Anderson County where the mortgage was recorded.

The Dealer and Purchaser further contend they adduced evidence which fully supports the court's decision. They first say there existed at the time appellant received its mortgage from Johnson, a certificate of title of the State of Illinois upon this car dated more than a year before the mortgage herein was executed; that appellant failed to withhold said title or have it assigned to it or have its lien endorsed thereon. The record indicates the Dealer's witness Shaver testified, in identifying a document marked Exhibit "E," that it was a certificate of title from the State of Illinois, dated August 24, 1943, for an automobile having the same description as the one involved here. This exhibit was in the possession of the Dealer. It was not introduced in evidence. If this exhibit would have tended to sustain their contention it should have been introduced in evidence. Furthermore, the record discloses the Dealer did not know of the existence of such certificate until a few days before the trial of this cause. There is no evidence appellant ever had any knowledge of it.

They next assert that because appellant failed to follow the car when it was wrongfully removed by

Johnson from Tennessee and permitted him to retain possession of the car for nine months after his default on the mortgage, appellant has thereby failed to comply with the rule that an out-of-state lienor must take every step possible to protect his security interest in order to claim a priority as against innocent purchasers for value. Assuming without deciding that the rule is as stated by appellees, there might be some merit to this contention if there was anything in the record to support it. There is no evidence that appellant knew of or consented to the removal of the car from Tennessee. The uncontradicted evidence of appellant is that it was trying to find the automobile and locate Johnson so it could enforce its rights under the mortgage.

We are of the opinion the record herein conclusively establishes appellant's mortgage was executed and recorded in accord with the law of Tennessee. Under the well-recognized rule of comity between the States, the mortgage was valid as against the claims of the Dealer and Purchaser. Therefore, the decision of the trial court is contrary to law.

Judgment reversed.

NOTE.—Reported in 89 N. E. 2d 81.