## WALLING *v.* MILLER & CO.

PLAINTIFF delivered to defendants gold dust, to be by them forwarded to San Francisco, to be there coined, and returned. The dust belonged to five persons, partners in mining, of whom plaintiff and C. were two. While the dust was in the hands of defendants, C. sold to plaintiff, for a valuable consideration, his interest in it, and gave a receipt evidencing the sale. Defend-

ants, after this, received coin made of the dust, and a creditor of C. attached the coin, by garnisheeing defendants. Defendants had no notice of the sale to plaintiff until the day after the attachment, when plaintiff demanded C.'s share of the coin. *Held,* that plaintiff was entitled to the coin; that the dust in defendants' hands was in the constructive possession of all the five owners, C. having no exclusive interest in any part until it was converted into coin, and divided among the owners; that C.'s right in the dust was a *chose in action,* which he could assign by order in favor of the purchaser or assignee, and after such order, neither C. nor his creditors could claim any right to the money; that the statute of frauds has no application to a case like this.

A garnishment does not give the creditor precedence over assignees of the fund, when the assignment is prior to the service of the garnishment.

APPEAL from the Thirteenth District.

For facts, see opinion. Plaintiff appeals.

*Heydenfeldt,* for Appellant.   1. The money attached was a chose *in action,* and belonged to plaintiff, having been assigned to him before the attachment was levied.   A chose in action does not require immediate delivery on sale, as personal property.   2. The proceeding by attachment is a garnishment, which is in effect a suit against the debtor of the creditor's debtor, and governed by the rules applicable to other suits.   (*Travis* v. *Tait,* 8 Ala. 576; *Thomas* v. *Hopper,* 5 Id. 444; 2 Cal. 33; 3 Id. 253, 363; 4 Id. 243, 409; 5 Id. 118.)   3. After assignment of a debt, it cannot be garnisheed, even though there was no notice of the assignment before the garnishment.   (*Dore* v. *Dawson,* 6 Ala. 712; *Baker* v. *Moody,* 1 Id. 315; *Fortescue* v. *State Bank,* 4 Id. 385; 2 Id. 177.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Defendants were expressmen, with an office at Coulterville, in Mariposa county.   One George W. Coulter was their agent.   Walling, the plaintiff, delivered to defendants a quantity of amalgam, to be forwarded to San Francisco, to be there coined, and returned.   This amalgam belonged to five persons, who were partners in quartz mining, the plaintiff and one Carpenter among them.   On the first of July, 1858, while this property was in the hands of these carriers, Carpenter sold to plaintiff, for a valuable consideration, his interest in this amalgam, and gave his receipt to the plaintiff, evidencing the contract.   The defend-

ants, the next day, returned to Coulterville with the coin made of the dust, in San Francisco, and deposited it with Coulter, their agent; and on the same evening the coin was attached by a Constable, for debts of Carpenter. The defendants had no notice of this transfer to the plaintiff until after the attachment; but on the next day the plaintiff gave notice to defendants, and demanded the share of Carpenter in this coin, still in their or their agent's possession. Defendants refused to pay it over, but afterwards paid it to the Constable. Upon these facts, the Judge found that the plaintiff could not recover, basing his judgment upon the provisions of the Statute of Frauds, which require possession of personal property to accompany and follow a sale, in order to its validity as to third persons. In this ruling, the Court erred. The statute has no application to such a case as this. The property was joint; Carpenter had no defined and exclusive interest in any part, but merely a common interest in all with his partners. The property was in constructive possession of all, the possession of the bailees being the possession of their principals. It was not money, but to be converted into money. After it was so converted, it required division before any particular portions of the coin became the property of any one of the partners. The right of Carpenter was a *chose in action*, which he could assign in any legal mode. He could assign it by order in favor of the purchaser or assignee. He did so assign. At the time of the assignment there was no possibility of a manual delivery of the specific coin to which he was entitled. The order was a good assignment of his right, after which Carpenter had no title to the money, and his creditors, representing only his right, could not seize it for his debts. The case is not different from the case of an order on a banker for a general balance, in which case the order operates a complete assignment, and protects, if the transaction be fair, and for a valuable consideration, the money against the process of creditors. The service of the attachment upon the defendants was only a garnishment; and it is well settled that this does not give the creditor precedence over assignees of the fund, when the assignment is prior to the service of the garnishment.

Upon the facts, we think the plaintiff entitled to recover—the payment to the officer, after notice, being no protection. See *Hardy* v. *Hunt*, (11 Cal. 343) for the doctrine in such cases.

Judgment reversed, and cause remanded.