[L. A. No. 757. Department One.—December 19, 1900.]

ALLEN McINTYRE, Appellant, v. JULIUS HAUSER, Respondent.

PLEADING—COMPLAINT—CONSTRUCTION—GENERAL AND SPECIAL DEMURRER—REVIEW UPON APPEAL.—Upon appeal from a judgment rendered after refusal to amend a complaint to which a general and special demurrer has been sustained, all ambiguities and uncertainties found in the pleading must be construed against the pleader.

ID.—AMBIGUOUS AND INSUFFICIENT COMPLAINT—ACTION UPON GARNISHMENT—PURCHASE OF MORTGAGED CATTLE—AGREEMENT TO PAY MORTGAGEES.—In an action by a judgment creditor of a mortgagor of cattle, upon a garnishment of the defendant who had purchased the cattle, a complaint averring that the mortgagees consented to such sale to said defendant, "provided the money derived therefrom was paid to them," must as against a general demurrer and a demurrer for ambiguity as to who was to make the payment, be construed as importing an agreement that the defendant was to pay the mortgagees, and that he became their debtor, and not the debtor of the mortgagor, and as stating no cause of action against the defendant.

ID.—NOVATION—EQUITABLE ASSIGNMENT—SUBSEQUENT GARNISHMENT. The complaint may be fairly construed either as importing a tripartite agreement constituting a pure novation, in which the direct promise of the purchaser to pay the purchase money to the mortgagees formed part of the contract of novation, or as,

at all events, importing an agreement between the mortgagor and mortgagees that the purchaser was to pay the money to the mortgagees, which agreement, without reference to an agreement of the purchaser, would constitute an equitable assignment to the mortgagees of the claim of the mortgagor for the purchase money, conferring upon them an equitable right thereto which must prevail over a subsequent garnishment of the purchaser.

Id.—Lien of Chattel Mortgage — Proceeds of Sale.—The lien of a chattel mortgage attaches to the proceeds of sale of the mortgaged property, and the mortgagee has the right to insist upon payment out of such proceeds.

Id.—Equitable Assignment, How Constituted.—In order to constitute an equitable assignment of a debt, no express words to that effect are necessary; but it is sufficient if from the entire transaction it clearly appears that the intention of the parties was to pass title to the chose in action, and that payment should be made to the one who becomes the equitable assignee.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Leonard & Morris, and H. Goodcell, for Appellant.

Isidore B. Dockweiler, for Respondent.

GAROUTTE, J.—In this action a general and special demurrer was sustained to the complaint, and, the plaintiff declining to amend, judgment went against him. The sufficiency of the complaint is the question before the court. In passing upon this question all ambiguities and uncertainties found in the pleading will be construed against the pleader.

The facts are these: James Brown owned a herd of cattle upon which third parties held a chattel mortgage. Brown sold these cattle to the defendant, the sale being evidenced by a contract in writing. To this contract was appended a written statement to the effect that the cattle were mortgaged to these third parties (naming them) to secure the payment of an indebtedness owing to them by Brown, and it was further stated by the complaint that "they approved and consented to such sale to said defendant provided the money derived therefrom was paid to them, which said statement was signed by them."

In view of what has been said regarding the construction which should be given ambiguities appearing upon the face of the complaint, the last allegation of the pleading quoted will be construed to the effect that the mortgagees consented to the sale, provided the money derived therefrom was paid to them by Hauser, the purchaser of the cattle. Especially should this construction of the pleading be maintained when we find that a special demurrer was directly pointed to this ambiguity. The further facts, as disclosed by the complaint, are these: Before the purchase price was paid, this plaintiff, a judgment creditor of Brown, garnisheed the money in the hands of Hauser. Hauser, regardless of the garnishment, paid the money to the mortgagees and he is now sued by the judgment creditor for the amount.

Upon the foregoing state of facts the question is presented, To whom did Hauser owe the money at the date of the garnishment? If he owed it to Brown, then he is liable in this action. If he owed it to the mortgagees, he is not liable. There can be but one answer to this question. If the contract of sale, taken in connection with the consent to the sale by the mortgagees, be construed as a tripartite agreement, which construction the allegation of the pleading fairly justifies, then it is manifest the money was owing to the mortgagees, and a direct promise upon the part of Hauser to pay it to them formed a part of the contract. This character of transaction would constitute a novation pure and simple. But, even eliminating from the agreement any question of Hauser's promise to pay to the mortgagees the proceeds derived from the sale of the cattle, still by every fair construction of the pleading the fact remains that the understanding between Brown and the mortgagees was that the money should be paid by Hauser to them. Certainly, there was ample consideration for such an agreement, and that agreement constituted an equitable assignment by Brown to them of the money due from Hauser. The fact that this plaintiff knew nothing of the transaction is immaterial, and likewise it is immaterial if Hauser knew nothing of it. If the mortgagees could have sued Hauser for the money and recovered, then he owed Brown nothing, and this plaintiff secured no rights by his garnishment. The

moment the sale was made of the cattle the amount due from
Hauser became a chose in action, and was assignable by Brown.
It is elementary that an assignment of a chose in action takes
precedence over a subsequent garnishment (*Walling v. Miller*,
15 Cal. 38), and as to the particular facts which constitute an
equitable assignment it is only necessary to refer to the early
case of *Pope v. Huth*, 14 Cal. 403.

There is no question in this case as to the lien of the mort-
gages attaching to the proceeds of the sale of the cattle.
Neither is the conclusion to which we have arrived opposed to
the decision in *Maier v. Freeman*, 112 Cal. 8.[1] The facts of
the two cases are widely variant. In that case the sheep had
not been sold at the time the agreement between the mort-
gagor and mortgagee was made; and, in addition to that im-
portant fact, there, the mortgagor was to receive the proceeds
of the sale of the sheep. Here neither of these controlling
circumstances is presented. In order to constitute an equi-
table assignment of a debt, no express words to that effect are
necessary. If from the entire transaction it clearly appears
that the intention of the parties was to pass title to the chose
in action, then an assignment will be held to have taken place.
There is no question of fraud involved, and the intention of
the parties to clothe the mortgagees with title to the claim
against Hauser is made out from the pleading.

For the foregoing reasons the judgment is affirmed.

Van Dyke, J., and Harrison, J., concurred.

----

[1] 53 Am. St. Rep. 151.