## JOHN HANCOCK MUTUAL LIFE INSURANCE CO v HICKS

Ohio Appeals, 2nd Dist, Franklin Co

No 2025. Decided Oct 14, 1931

Webb I. Vorys, Columbus, for plaintiff.
Horace Kerr, Columbus, and James F.
O'Rourke, Columbus, for defendant in error.

**HORNBECK, J.**

We have stated as briefly as possible the various and involved steps relating to the making up of the issues insofar as germane to the narrow question presented to the court.

The testimony offered and accepted by the trial court was to the effect that the insured had been adjudged an insane person by the Probate Court of Franklin County on the 15th of May, 1928, and that continuously thereafter and at the time he was totally and permanently disabled and thereby prevented from pursuit of any mental or manual labor for compensation. The defense tendered the testimony of Dr. Tarbell to the effect that in 1926, months prior to the issuing of either policy, he had examined the insured and diagnosed the illness from which he was then suffering as dementia praecox simplex. This was refused under exception of counsel for the defendant. The court rendered judgment for the plaintiff against the defendant in the full amount claimed and against the defendant on its cross-petition.

The legal proposition which we are called upon to determine is whether or not the incontestable clause in the policies prevent the defendant putting the plaintiff upon proof that the disease of dementia praecox resulting in permanent and total disability of the insured was contracted subsequent to the issuing of the policies.

It is the claim of the defendant that the incontestable clause has no effect whatever upon the obligation enjoined upon the plaintiff to prove that there has been a breach of the conditions of the policy or contract.

A policy of insurance is a voluntary con-

tract and may be made upon such terms and conditions as are agreed upon by the parties thereto so long as they are not in conflict with public policy. The gist of many of the decisions of our 'Supreme Court in recent pronouncements has been to direct attention to the fact that policies of insurance are but simple contracts and that it is the obligation of the courts to interpret them as such. Insurance has been defined as "a contract by which one party promises on a consideration to compensate * * * the other if he shall suffer loss from a specified cause * * *." (32 C. J. 975).

It is incumbent upon the plaintiff in seeking to recover upon an insurance contract such as we have under consideration, to establish that the disease from which the permanent and total disability results was the subject of the contract, namely that it was covered by the policy. The clause in question defining the subject matter insured against reads as follows:

"If * * * the insured * * * shall become wholly and permanently disabled by * * * disease * * * contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation," etc., "the payments provided will be made."

We are of opinion that only permanent and total disability from diseases contracted after the date of the issuing of the policies are the subject of insurance in this contract. The incontestable clause does not have the effect of enlarging the diseases or bodily injuries for which the company agrees to compensate the insured or his beneficiary. Had this policy named the specific diseases and injuries the suffering of which would have been compensated, it would not be claimed that any other diseases or injuries would obligate the company to any liability under the policy. The incontestable clause only prevents the contest by the company respecting any liability incurred by it by the terms of the contract and does not relieve the plaintiff in the first instance of establishing its right to recover under the specific language of the policy. The incontestable clause would have prevented the company from contesting any answer made by the insured in his application to the effect that he was free from any mental disease, although he then knew that he was so afflicted, unless the claim was asserted by the company during

the period in which the incontestable clause was not to be affected, but this would not affect that part of the policy setting forth the nature and extent of the coverage. The clause of indemnity relates to the policy or contract. When it is established by the claimants that the hazard against which the company has insured has been suffered by the insured then the policy by its terms in that respect is effective and can not be contested. However, until such proof is made the plaintiff has not established a substantive right to recover. In other words, the company by the incontestable clause has not waived the necessity of allegation and proof that the injury, loss or risk claimed is the subject of the contract. It was incumbent upon the plaintiff to plead and prove that the insured was at the time of the filing of the petitions suffering from a disease contracted after the date of the issuing of the policies. And the defendant company had the right without respect to the incontestable clause to put the plaintiff upon such proof.

Inadvertently, no doubt, the trial court permitted the inconsistency of a reply to a general denial. Had the incontestable clause applied to the facts pleaded it would properly have appeared in a reply to an affirmative defense of the answer of the company. In fact the incontestable clause could not be material in the case until the company had undertaken to set up a defense which because of the incontestable clause of its policies it was prevented from asserting. Our determination is a matter of first impression, as, strange as it may seem, there is no case in Ohio in which the identical question here presented has been considered. However, in other jurisdictions we find support for our position in the cases which are cited in the brief of counsel for defendant, notably Sanders v Jefferson Standard Life Insurance Company, 10 Fed. (2d) 143, where the scope and effect of the incontestable clause of a policy under consideration was directly raised. The second proposition of the syllabus is:

"The incontestability clause does not prevent the insurer from disputing that the insured's claim is covered by the policy."

At page 143 the court said:

"By the policy the insurer promised to pay specified sums of money in specified contingencies."

"A provision for incontestability does not

have the effect of converting a promise to pay upon the happening of a stated contingency into a promise to pay whether such contingency does or does not happen. It can not properly be said that a party to an instrument contests it by raising the question whether, under its terms, a liability asserted by another party has or has not accrued."

And in Brady v Prudential Insurance Company, 32 Atl. (Pa.) 102:

"The provision in the ninth clause, which was relied upon to show that the policy was incontestable, did not amount to a confession of judgment. It did not deny to the company the right to defend against an action brought upon the policy, except in so far as the defense might rest on a denial of the validity of the policy itself. All other lines of defense remained open to it.".

And in Scarborough v American National Insurance Company, 171 N.C. 353, wherein the incontestable clause was invoked against a defense asserted by the company on the ground that the cause of death of the insured was not covered by the policy. The court discussing the question said:

"By the use of the term 'incontestable' the parties must necessarily mean that the provisions of the policy will not be contested, and not that the insurance company agrees to waive the right to defend itself against a risk which it never contracted to assume."

See also Mayer v Illinois Life Ins. Co., 211 Ill. App., 285; Lee v Southern Life & Health Ins. Co., 19 Ala. App. 535; Collins v Metropolitan Life Ins Co., 27 Pa. Super. Court, 353; Flanagan v Provident Life & Accident Ins. Co., 22 Fed. (2d) 136; Head v Hartford Accident & Indemnity Co., 43 Fed. (2d) 517.

We have likewise examined all cases cited by counsel for the plaintiff. It is urged that exceptions to risks covered by the policy must be plead and proven by the defendant. This is true but as we interpret the language of this policy there is no exception or exemption involved. The case of Ohio Order of U. C. T. v Watkins, pp. 428, 429, discusses the burden of proof where the policy contains exemptions and an exemption is asserted as an affirmative defense. This is manifest from the language employed.

(P. 429): "And when the evidence is such as to give rise to the presumption (namely a presumption against suicide) the effect of the presumption is that the plaintiff must recover in the absence of evidence by the insurer which overcomes the presumption, and therefore in a case like this one, where the insurance covers death caused by external, violent and accidental means, and it is provided in an exemption in the policy that the insurer shall not be liable for death resulting from self destruction while sane or insane, and the insurer pleads such exemption as a defense, and the evidence is such as to give rise to the presumption that the death was accidental, it is not error for the court to charge that the burden of proving death by suicide is upon the insurer."

In this case the plaintiff had made a prima facie case of death by external, violent and accidental means, which was expressly covered by the policy. The company would be absolved from liability only when and if it appeared that such death, though caused by external, violent and accidental means, was within an exemption in the policy, namely, that it resulted from self destruction. Mutual Ins. Co. v Hurni Co., 263 U.S., 167, decided only a disputed question of law as to when the incontestable clause in a policy became effective. The provision under consideration was to the effect that the policy shall be incontestable when two years shall have elapsed from its date of issue, and the company was seeking to assert that it was not effective to operate against it until two years after issue, if the insured lived so long, and it was in this connection that the court said that it was to be incontestable without qualification and in any event.

Repalo v John Hancock Mutual Life Ins. Co., 229 Mich., 463, also related to the time when the incontestable clause became effective. The terms of this policy other than that it was insurance on the life of Joseph Repalo do not appear. That portion of the opinion quoted by counsel for the plaintiff relates particularly to fraudulent statements claimed to have been made in the application for the policy. The discussion wherein the court says that no in-

162

justice will follow in holding that the incontestable period is a short statute of limitations, was in connection with the holding that the time after which the incontestable clause would be effective continued to run after the death of the insured and in favor of the beneficiary. We do not find that it is applicable to our question. After careful consideration of the other cases cited we do not find any case which is in conflict with our decision here.

However, it is asserted by the defendant that the company, having accepted the premium on the permanent disability clause of the policies since the time when the claim thereunder was made by the beneficiary of the insured, has waived the right to the defense sought to be made. This position is not tenable if the permanent and total disability from which the insured suffers was not caused by any hazard covered by the policy.

We come now to the disposition of the case in this court. At the time that the plaintiff appeared in the trial court she had made the proper and necessary averments under the policies. Because of the action of the trial court she was caused to omit these material allegations. Upon this state of the pleadings there was no necessity of proof that the disease from which the insured was suffering was contracted subsequent to the policy. Whether or not such proof could have been forthcoming we do not know, the record does not disclose, nor was it necessary that it should appear. The testimony of Dr. Tarbell tends to sustain the claim of the defendant that the disease from which the insured suffered was incurred prior to the issuance of the policy. We are of opinion that to do justice between these parties the cause should be remanded to the trial court with instructions to order the pleadings re-formed in accordance with this opinion, and opportunity given plaintiff to make proof, if it can be done, of the necessary averments of the petition as appearing at the time that the case was brought to the attention of the trial court. If this proof can not be made the petition should be dismissed. The judgment of the trial court will be reversed and the cause remanded.

ALLREAD, PJ, and KUNKLE, J, concur.