[Civ. No. 11898. Second Appellate District, Division Two.—April 20, 1939.]

BENJAMIN COHEN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Respondent.

Arthur Rosenblum, J. J. Krutoff and Isaac Pacht for Appellant.

Loeb & Loeb, Milton H. Schwartz and Norman Newmark for Respondent.

McCOMB, J.—From judgments in favor of respondent after trial before the court without a jury in (a) an action to recover permanent disability benefits of insurance policies and (b) a cross-action to recover a sum equivalent to disability payments made on insurance policies and premiums waived on said policies both induced by fraud, appellant appeals.

Viewing the evidence most favorable to respondent, the essential facts are:

Pursuant to the recommendation of his physician, appellant in November, 1927, entered the New York State Hospital for Incipient Tuberculosis at Raybrook, New York, and remained there suffering from tuberculosis until October, 1928, when he was discharged as ''arrested''.

In November and December, 1928, respondent issued, executed, and delivered in the state of New York to appellant life insurance policies in the aggregate sum of $20,000. Under the terms of the policies respondent agreed to pay $10 per month per thousand dollars' worth of insurance to appellant if he was totally and permanently disabled "as the result of bodily injury or disease occurring and originating after the issuance of" the policies. In his applications for these insurance policies appellant specifically denied that he had either had tuberculosis or that he had been in any hospital or sanitarium.

The policies contained these provisions:

"INCONTESTIBILITY:—This Policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums, and except as to provisions and conditions relating to benefits in the event of total and permanent disability, and those granting additional insurance specifically against death by accident, contained in any supplementary contract attached to, and made part of, this Policy."

"The provision of the said Policy as to incontestability shall apply hereto, but shall not preclude the Company from requiring as a condition to recovery hereunder, due proof of such total and permanent disability as entitles him to the benefits hereof."

December 21, 1928, appellant under the assumed name of Dave Cohn made application for admission to the Jewish Consumptive Relief Society Sanitarium at Spivak, Colorado. He was admitted to this institution in March, 1929, and remained there until May 1, 1930, when he was discharged therefrom, the disease from which he had been suffering being classified as "apparently arrested".

In January, 1931, appellant filed his claim with respondent for permanent disability. In the statement of claim were the following questions and appellant's answers thereto:

"5. Nature of present sickness or injury. Pulmonary Tuberculosis.

"6. On what date were you totally disabled by this sickness . . . , so that you were wholly unable to work? April 28—1930."

"8. On what date were you first treated by a physician? May 15—1930."

For five years respondent paid appellant the sum of $200 a month as disability benefits under the terms of the policies and in addition waived premiums on the policies throughout this period. This sum totaled $15,098. September 5, 1935, respondent notified appellant that it had just learned that he had been afflicted with tuberculosis prior to the issuance of the policies and that it would not make any future disability benefit payments nor would it continue to waive premiums on the policies.

Preliminarily to a discussion of the questions involved in this case this court recognizes the following:

(a) There is a difference between the phrases "tuberculous infection" and "tuberculous disease". Tuberculous disease exists when the clinical symptoms first manifest themselves, regardless of the medical or pathological cause which antedates it; while tuberculous infection exists when tubercle bacilli or germs are in the body without the manifestation of any clinical symptoms. Whenever either of the above-mentioned phrases are used in this opinion they will be used in the sense just attributed to them.

(b) Since it is conceded that the insurance policies here involved were made, executed, and delivered in New York state, the interpretation of the policies will be in accordance with the laws of the State of New York, as the law is established in this jurisdiction that the construction of a contract in the absence of an agreement to the contrary is to be determined by the law of the place where it is made. (*Mercantile Acceptance Co.* v. *Frank*, 203 Cal. 483, 485 [265 Pac. 190, 57 A. L. R. 696]; 5 Cal. Jur., (1922) 449, sec. 26; 3 Cal. Jur. Ten-year Supp., (1936) 726, sec. 26; Restatement of the Law of Conflict of Laws, (1934) 408, sec. 332.)

(c) The written opinion of the trial court is no part of the record on appeal and will not be considered by this court for the purpose of predicating error in the rulings of the trial court or in determining whether the findings of fact are supported by the evidence. (*Luman* v. *Golden Ancient Channel M. Co.*, 140 Cal. 700, 704 [74 Pac. 307]; *DeCou* v. *Howell*, 190 Cal. 741, 751 [214 Pac. 444].) The question for determination by the appellate court is whether the decision of the trial judge was correct and we are not concerned with the accuracy of his judicial reasoning or argument.

■ (d) The provisions in the policies that they should not be contestable after two years had elapsed from the date of issuance thereof prevents our considering any fraud which might otherwise have been predicated upon the misrepresentations made by appellant to respondent in his applications for the issuance of the insurance policies. (*Dibble* v. *Reliance Life Ins. Co.*, 170 Cal. 199, 208 [149 Pac. 171, Ann. Cas. 1917E, 34].) It is also to be noted that respondent is not endeavoring to cancel the insurance policies but on the contrary is insisting that it will not waive future premiums on them and that appellant must pay the premiums specified in the policies in order to continue them in force.

## A.

These are the questions necessary to be determined in connection with the main action:

*First: Was there substantial evidence to sustain the trial court's findings of facts as follows:*

### "XII.

" . . . *that in and by said proof of claim he represented to defendant that the nature of his then present sickness was pulmonary tuberculosis, that he first was totally disabled by this sickness so that he was wholly unable to work on April 28, 1930, and that said pulmonary tuberculosis originated and occurred subsequent to the issuance of each and all of said policies.*"

### "XIII.

"*It is true that plaintiff had been afflicted with and suffering from pulmonary tuberculosis prior to the issuance of each and all of said three policies of insurance, and since 1927 has from time to time continued to suffer therefrom, and that the present disability of plaintiff and the disability claimed by him to have commenced in April 1930, in fact commenced prior to the issuance of each and all of said policies, and is due to the same disease of pulmonary tuberculosis, and that plaintiff has been afflicted therewith continuously since 1927 . . .*"

### "XV.

" . . . *In this connection the court finds that plaintiff was requested in and by said proof of claim, and otherwise, to inform defendant as to the date of origin of the disease of pulmonary tuberculosis and the disability therefrom. The*

court further finds that in and by said proof of claim referred to in paragraph III, plaintiff represented in writing that he had been working full time and continuously at his occupation of diamond setter and dealer up to April 28, 1930, and had not been laid off or idle prior thereto, and that his earnings at the beginning of disability were approximately $6,000 per annum, all of which facts were false and untrue and known to plaintiff to be false and untrue, in that in truth and in fact plaintiff continuously from March 1929 up until April 28, 1930 had been incarcerated in a sanitarium for active tuberculosis, suffering from tuberculosis, and during all of said period was unable to do, and was not doing, any work whatever. The aforesaid representations were made by plaintiff with the intent and purpose of deceiving defendant into believing that the disease of pulmonary tuberculosis and the disability therefrom, had its origin on April 28, 1930."

"XVI.

"It is true that at various and sundry times subsequent to January 28, 1931, plaintiff furnished to defendant, upon defendant's request, further proofs of disability, upon printed blanks furnished by defendant, and that on or about and shortly after January 28, 1931, and at various times subsequent thereto, plaintiff did, at the request of defendant, submit himself to examinations by physicians of defendant, and was examined by them. In this connection the court finds that at all such times plaintiff represented that there had been a sudden onset of the disease of pulmonary tuberculosis on or about April 28, 1930, accompanied or caused by a sudden hemorrhage, and that plaintiff represented at all such times that he had never before been afflicted with pulmonary tuberculosis, all of which representations were false and untrue and known by plaintiff to be false and untrue, and uttered with the intent and purpose of deceiving defendant and its medical examiners as to the date of the onset of the disabling disease of pulmonary tuberculosis, and that defendant and its medical examiners were in fact deceived thereby. The court further finds in this connection that plaintiff in December, 1928, applied in New York for admission to a tuberculosis sanitarium in Colorado, representing that he had been ill from pulmonary tuberculosis for more than a year, and that plaintiff was admitted in said sanitarium during March 1929, and

*remained therein continuously until April 28, 1930, during all of which time he was afflicted with and suffered from pulmonary tuberculosis, and that neither on said date of April 28, 1930, nor during May 1930, did plaintiff suffer a hemorrhage or onset of the disease of pulmonary tuberculosis."*

"XXII.

*"It is not true that defendant has been guilty of laches or any unreasonable delay, nor is it true that plaintiff has in any way been prejudiced by the failure of defendant to contest plaintiff's claim for disability benefits and waiver of premiums until the latter part of August 1935."*

"XXX.

*"None of the allegations of paragraph I of the sixth defense set up by plaintiff against the first cause of action of defendant's amended cross-complaint are true, except that it is true that prior to the trial of this action Dr. B. K. Gordon and Dr. Herman Schwatt, of Spivak, Colorado, died. In this connection the court finds that the said Dr. Schwatt did not die until subsequent to the filing of this action, and that plaintiff made no effort to obtain the testimony of Dr. Schwatt by deposition after issue joined herein. The court further finds that plaintiff has suffered no prejudice whatever on account of the death of said two doctors or either of them."*

*Second: Did appellant prove that he had "become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of" the insurance policies which are the basis of the present suit?*

*Third: Had respondent waived the right to claim that appellant's disability did not arise "as the result of bodily injury or disease occurring and originating after the issuance of" the insurance policies?*

*Fourth: Was respondent estopped to deny that appellant's disability arose "as the result of bodily injury or disease occurring and originating after the issuance of" the insurance policies?*

*Fifth: Did the trial court commit prejudicial error in receiving in evidence the depositions of Mary E. Barry, Cecelia Hentel, and Charles Miller?*

*Sixth: Did the trial court commit prejudicial error in receiving in evidence the depositions of Dr. Bray and Dr. Richardson?*

■ The first question must be answered in the affirmative. An examination of the record discloses there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the findings of facts set forth above and each and every material finding of fact made by the trial judge; for example, "the statement of claim" executed by appellant contained in answer to the question, "On what date were you totally disabled by this sickness . . . so that you were wholly unable to work?" the answer in appellant's handwriting, "April 28—1930". This supports the court's finding No. XII, *supra*. It is conceded that appellant had been afflicted and suffering from pulmonary tuberculosis prior to the date of the issuance of the policies herein. Dr. Pottenger, a tuberculosis specialist, stated that in his opinion the tuberculosis from which appellant was suffering in 1930 was the same disease from which he had suffered in 1927. This evidence is sufficient to sustain the trial court's finding of facts No. XIII. Further discussion of the evidence is unnecessary.

The second question must be answered in the negative and is governed by the following applicable principles of law:

■ (a) It was incumbent upon appellant to plead (as he did) and prove that at the time of the filing of his statement of claim for total disability that he was suffering from "a disease occurring and originating after the issuance of" the policies. (*John Hancock Mut. Life Ins. Co.* v. *Hicks*, 43 Ohio App. 242 [183 N. E. 93, 95].)

(b) An incontestable clause in an insurance policy does not extend the coverage beyond the terms of the policy. Therefore, it does not relieve the insured (appellant) from the burden of proving that the disease from which he is suffering originated and occurred after the issuance of the policies nor prevent the insurer (respondent) from proving that the disease originated before the date of the issuance of the policies. (*Apter* v. *Home Life Ins. Co. of New York*, 266 N. Y. 333 [194 N. E. 846, 848, 98 A. L. R. 1281].) ■ Since finding No. XIII of the trial court supported by substantial evidence found as a fact that the disease from which appellant is suffering originated prior to the date of the issuance of the policies, appellant did not sustain the burden of prov-

ing that the disease from which he is suffering occurred and originated subsequent to the issuance of the policies, and he therefore failed to prove that his disability came within the coverage of said policies.

■ The third question must also be answered in the negative. The law is settled that an insured may not rely upon a waiver of a provision of an insurance policy, unless such waiver is pleaded, and that evidence of waiver is not admissible under an allegation of performance of the conditions of the contract. (*Distributors P. Co.* v. *Pacific I. Co.*, 21 Cal. App. (2d) 505, 509 [70 Pac. (2d) 253].) In the present case appellant did not plead a waiver in his complaint as amended but on the contrary alleged performance of the conditions of the contract.

■ The fourth question must likewise be answered in the negative. It is the law of California that estoppel as to any defense which would otherwise be available to the defendant (respondent) under the facts stated in a complaint may not be relied upon unless the estoppel is pleaded. (*Goorberg* v. *Western Assur. Co.*, 150 Cal. 510, 519 [89 Pac. 130, 119 Am. St. Rep. 246, 11 Ann. Cas. 801, 10 L. R. A. (N. S.) 876].) In the instant case estoppel was not pleaded in appellant's complaint as amended

■ The fifth question must be answered in the negative, since appellant has failed to show wherein any prejudice resulted to him from the admission in evidence of the depositions in question.

■ The sixth question must also be answered in the negative. There is no merit in appellant's contention that the trial court committed prejudicial error in receiving the depositions in evidence, for the reason that the depositions here attacked were taken upon the written stipulation of the parties and the weight to be given to the answers of the witnesses in response to hypothetical questions was a matter for the trial court and not for this court upon review.

## B.

These are the questions necessary to be determined in connection with the cross action:

*First: Did respondent's cross-complaint properly plead a cause of action sounding in fraud?*

*Second: Had respondent waived the right to claim that appellant's disability did not arise "as the result of bodily injury or disease occurring and originating after the issuance of" the policies?*

*Third: Was respondent estopped to deny that appellant's disability arose "as the result of bodily injury or disease occuring and originating after the issuance of" the policies?*

*Fourth: Was respondent's cause of action on its cross-complaint barred by (a) laches, or (b) the statute of limitations (sec. 338, subd. 4, Code Civ. Proc.)?*

The first question must be answered in the affirmative. The essential averments in pleading fraud are:

(1) Fraudulent representations,

(2) Knowledge by defendant of their falsity,

(3) Intent to deceive plaintiff,

(4) Reliance upon the representations by plaintiff believing them to be true, and

(5) Injury suffered as a result thereof by plaintiff. (12 Cal. Jur., (1923) 807, sec. 64.)

In the present case respondent in simple and concise language pleaded the fact that appellant had made false representations as to the date of the origin of his disease, known by him to be false, that they were made with intent to deceive respondent, and were relied upon by and in fact did deceive respondent to its injury.

The second question must be answered in the negative. To constitute a waiver the following elements must be present:

(1) An existing right, benefit, or advantage,

(2) Knowledge actual or constructive of the existence of such right, benefit, or advantage, and

(3) An actual intention either constructive or implied to relinquish such right, benefit, or advantage. (25 Cal. Jur., (1926) 927, sec. 3.)

In the instant case the trial court found, supported by substantial evidence, that respondent did not have any knowledge of the fraud practiced upon it at the time it accepted appellant's proof of claim and made payments to him. Therefore, the second and third elements of a waiver mentioned above are absent from the instant case.

■ The following letter was written to appellant by respondent on September 5, 1935:

"In re: Policies 5536939–A
5536940–A
5381969–A

"Mr. Benjamin Cohen
"233 North Kenmore Avenue
"Los Angeles, California

"Dear Sir

"The above numbered policies were issued to you November 2, 1928, and December 4, 1928, respectively. When you applied to the Company for the insurance, you specifically denied that you ever had tuberculosis or that you had resided with any person suffering from tuberculosis or that you had ever been an inmate of or ever received treatment at a hospital or sanatorium.

"It has now come to our attention that you have been tubercular at least since 1927 and that you were in different sanatoria for the treatment of the disease prior to the issuance of the policies. As you probably know, had you stated your true condition of health and the previous history of your illness in making application for the policies, they would not have been issued to you.

"*The disability provisions in the policies specifically state that the Company will be liable only for a disability due to a disease that occurred and originated after the issue dates of the policies. As it is well established that your disease occurred and originated before the policy dates, you do not appear to have a valid claim and those moneys paid you since 1930 under misstatement of fact should be refunded to the Company.*

"Under Policy 5536939–A, 65 monthly installments at $50 each, as well as 5 annual premiums of $144.90 each; and under Policy 5536940–A, 65 monthly installments at $50 each and 5 annual premiums at $144.90 each, as well as 65 monthly installments at $100 each and 5 annual premiums at $289.80 each under Policy 5581969–A, making a grand total of $15,898 should be refunded and demand is hereby made for reimbursement.

Yours truly,

(Signed) H. A. BAYER,
Superintendent of Claims."
(Italics ours.)

There is no merit in appellant's contention that the foregoing letter constituted a waiver by respondent of the fraud practiced upon it, excepting as to the fraudulent answers of appellant in his applications for the insurance policies, which fraud respondent could not rely upon because of the incontestability clauses in the insurance policies.

A reading of the letter, particularly the portion which we have italicized, shows clearly that respondent stated to appellant that it would be liable, under the provisions of its policies, only for a disability arising from a disease that occurred and originated after the date of the issuance of the policies.

 The third question must be answered in the negative. The doctrine of estoppel is intended for the protection of a party and is not intended to be used for the purpose of permitting one to perpetrate a fraud upon another. (*Franklin* v. *Merida*, 35 Cal. 558, 575 [95 Am. Dec. 129].) In the instant case the trial court found, supported by substantial evidence, that appellant did not suffer any prejudice by reason of respondent's acts. One of the essential elements of estoppel, i. e., that the party relying thereon has been prejudiced as a result of the other party's acts, was not present in this case, and therefore the doctrine was not applicable.

 The fourth question must be answered in the negative, and is controlled by the following principles of law:

(a) The doctrine of laches is inapplicable to an action at law (*San Francisco Credit C. House* v. *Wells*, 196 Cal. 701, 706 [239 Pac. 319]). The present action is one at law.

 (b) The statute of limitations does not begin to run on an action predicated on fraud until the discovery of the fraud by the aggrieved party. (Sec. 338, subd. 4, Code Civ. Proc.) In the instant case the trial court found, supported by substantial evidence, that respondent did not discover the fraud practiced upon it by appellant until 1935. Therefore, since the present action was filed in 1936, the statute of limitations was inapplicable.

For the foregoing reasons the judgments appealed from are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 10, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1939.