[Civ. No. 20160.   Second Dist., Div. One.   Sept. 7, 1954.]

JOSEPH M. SMITH, Appellant, v. MURRAY HARRIS, Respondent.

Ardy V. Barton and Richard C. Dyer for Appellant.

Sheppard, Mullin, Richter & Balthis and E. Talbot Callister for Respondent.

MOSK, J. pro tem.*—Appellant Smith is a manufacturer's agent who brought suit against the respondent manufacturer Harris in Los Angeles Superior Court on common counts alleging commissions due from sales and services rendered in California. The appellant is a resident of Los Angeles, the respondent a resident of Houston, Harris County, Texas.

Being unable to personally serve the respondent within the state of California, appellant attempted to obtain *quasi in rem* jurisdiction by attaching an account owed to respondent by the Sunbeam Lighting Company, a Los Angeles concern, an account appellant allegedly solicited and secured. At the time of the garnishment the account was still unpaid. The respondent appeared specially for the sole purpose of quashing the purported service of summons and complaint upon him. The court below granted the motion and from that order this appeal has been taken.

Affidavits presented to the trial court in connection with the motion revealed that on August 29, September 23, and November 17, 1952, Sunbeam mailed certain orders for goods to the respondent in Texas. On November 28, 1952, in Houston, respondent executed a written contract with Textile Banking Company, Inc., a New York corporation. This contract was accepted in New York by the Textile Company, apparently a factoring concern, and provided that the respondent would assign to Textile all of its interest in certain accounts receivable, and that "This agreement shall be construed according to the laws of the State of New York, . . ." Notice of the assignment was filed on December 22, 1952, with the County Clerk of Harris County, Texas. No notice was filed in either New York or Los Angeles County.

In accordance with the foregoing contract the Sunbeam account was assigned by respondent to Textile on January 28, 1953, and on February 4, 1953, Textile paid respondent in full and became the owner of the Sunbeam account. The goods were shipped to Sunbeam and received by it on February 16 and 17, 1953. Accompanying the goods was an invoice advising that payment was to be made to Textile "by whom this account is owned." Sunbeam accepted the goods and invoice and subsequently made part payment to Textile.

The present action was filed on March 31, 1953, and writ of attachment was issued and served on Sunbeam the same day. The following day Sunbeam reported that it was in-

---

*Assigned by Chairman of Judicial Council.

debted to respondent in the sum of $14,475, but on April 21, 1953, it amended the prior return of garnishment to show that nothing was due or owing to respondent.

The first question with which we are herein concerned is whether the laws of Texas, New York or California apply in determining the validity of the assignment as against the attachment by the creditor of the assignor. The contract of assignment provided that it was to be governed by the laws of New York; the contract between Sunbeam and respondent was accepted and payable in Texas. ■ It is well established, of course, that the law of the place of contracting determines the formalities required for making a contract (*Mercantile Acceptance Co.* v. *Frank*, 203 Cal. 483 [265 P. 190, 57 A.L.R. 696]; *Cohen* v. *Metropolitan Life Ins. Co.*, 32 Cal.App.2d 337 [89 P.2d 732]), and the place where the offer is accepted is the place of contracting. (*Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314 [74 P. 855, 65 A.L.R. 90].)

But in this instance we are not concerned with the interpretation of the contract between the contracting parties. We are here involved with a third person versus one of the contracting parties, the latter being possessed in California of a chose in action. ■ While the formal validity of the assignment with respect to personal property is referred to the law of the place where it is made, the courts generally hold that the law of the place where property is found, or where a debtor of the assignor is domiciled, governs with respect to the necessity of notice of the assignment, or of the recording thereof, or of taking possession of the property thereunder, in order to uphold the assignment as against third persons (65 L.R.A. 359).

■ "We do not see the materiality of the expression 'situs of the debt,' when used in connection with attachment proceedings," said the court in *Harris* v. *Balk*, 198 U.S. 215 [25 S.Ct. 625, 49 L.Ed. 1023, 1026]. "If by situs is meant the place of the creation of the debt, that fact is immaterial. If it be meant that the obligation to pay the debt can only be enforced at the situs thus fixed, we think it plainly untrue. The obligation of the debtor to pay his debt clings to and accompanies him wherever he goes. He is as much bound to pay his debt in a foreign state when therein sued upon his obligation by his creditor, as he was in the state where the debt was contracted. . . . We can see no reason why the attachment could not be thus laid, provided the creditor of the garnishee could himself sue in that state, and its laws

permitted the attachment." ▮ Applying that principle here, certainly the respondent or his assignee could sue Sunbeam in California, and could attach here. It follows that a creditor of respondent could also do so. It would seem, therefore, that under these circumstances California law should apply.

Our next question is whether statutes of this state require any type of recordation of assignments of a chose in action where the assignor and assignee both live in foreign jurisdictions, are not engaged in business in the state of California, and where the assignment itself was not made in California.

▮ Section 3019 of the Civil Code provides that notice of assignment of an account must be filed with the filing officer, who is defined in section 3017 as "the county recorder of the county in which the assignor has its principal place of business within this State, or if the assignor has no place of business within this State then the county recorder of the county in which the assignor resides." Under the first clause of the foregoing, application is to an assignor doing business in California. The concluding clause applies to those who do not do business here, but who reside in this state. Although the phraseology could be more explicitly definitive, it seems clear that our Legislature would not undertake to enumerate the duties and responsibilities of a public officer of other jurisdictions. As stated in *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, at page 6 [162 P. 93, L.R.A. 1917E 642], with regard to another statute, ". . . certain it is that there is nothing in the act which, by express words or clear implication, manifests an intent to have it operate extraterritorially, and that, as already stated, the settled rules of interpretation prohibit our giving it any such effect."

The parties here agree that sections 3017-3029 of the Civil Code should be read *in pari materia* with sections 2957 and 3440 of the Civil Code (*Menick* v. *Carson,* 96 F.Supp. 817). But by clear construction those sections are concerned only with tangible personal property, not with choses in action, which because of their intangible nature, are distinguishable. It has been pointed out in cases that the possession of personal property by the vendor gives him a visible credit in the eyes of the world, a characteristic that does not apply to debts. (*Martin* v. *Potter,* 34 Vt. 87.)

Sections 3017 and those immediately following place their emphasis upon the role of the assignor, but if he is a non-

resident of California not doing business within the state of California, it appears that no specific burden is placed upon him to record his assignment of a chose in action. It is possible that this is a legislative oversight. But on the other hand, the omission is not unreasonably inconsiderate of prospective creditors, for in the normal course of commercial transactions, the logical place in which to ascertain credit responsibility is at the place of business or residence of the assignor. The credit potential of a Texan will be reflected more accurately and expeditiously by examining the records of his business or home county in Texas than by laboriously looking to the residences of various and scattered account debtors, one of whom is in California.

Since no statutory filing of notice is required under California law there remains only the final question of whether actual notice to the creditor of the assignor was necessary under these circumstances. We hold that it was not required.

An assignee of a chose in action has what Williston (§ 438) calls equitable ownership. "Accordingly," he states, "the latent or collateral equity against the assignor of an intangible chose in action should prevail over the right of the subsequent purchaser in good faith;" In the absence of statutory mandate, no notice of an assignment for value of a nonnegotiable chose in action is necessary to preserve the assignee's equitable right. This is universally agreed to be so as between the parties and is generally so held in a contest between the assignee and the assignor's creditor. (Williston on Contracts, § 434.)

The general rule supported by the weight of authority holds that notice to the debtor or to creditors of the assignor is not essential to complete the assignment. (52 A.L.R. 109; *Title Ins. etc. Co.* v. *Williamson*, 18 Cal.App. 324, 329 [123 P. 245].) The essential element is the bona fide agreement between the assignor and assignee, for a sufficient consideration and without intent to defraud creditors or subsequent purchasers. "When this is done" said the court in *Schumann* v. *Bank of California, National Assn.*, 114 Ore. 336 [233 P. 860, 862, 37 A.L.R. 1531], "the assignment is complete, and a subsequent failure to give notice thereof does not affect the validity of the assignment." The fact that the attaching creditor had no notice of the assignment at the time he instituted his proceeding is immaterial. (4 Am.Jur. p. 318; 52 A.L.R. p. 126.) Under these circumstances, the rights of the parties do not depend on notice, for as pointed out in the

frequently quoted case of *Schoolfield* v. *Hirsh,* 71 Miss. 55 [14 So. 528, 42 Am.St.Rep. 450], "a creditor can subject to legal process only the interest of his debtor, and his debtor has no interest in a chose in action he assigned before seizure by legal process." (*Market Nat. Bank* v. *Raspberry,* 34 Okla. 243 [124 P. 758, L.R.A. 1916E 79].)

The leading California case on this subject is *McIntyre* v. *Hauser,* 131 Cal. 11 [63 P. 69]. Brown sold a herd of cattle upon which third parties held a chattel mortgage. Hauser, the purchaser, agreed to make his payments to the mortgagees, but before the purchase price was paid, a judgment creditor of Brown garnisheed the money in the hands of Hauser. Said the court (p. 13): "The fact that this plaintiff (the creditor) knew nothing of the transaction is immaterial, and likewise it is immaterial if Hauser knew nothing of it. If the mortgagees could have sued Hauser for the money and recovered, then he owed Brown nothing, and this plaintiff secured no rights by his garnishment. The moment the sale was made of the cattle the amount due from Hauser became a chose in action, and was assignable by Brown. It is elementary that an assignment of a chose in action takes precedence over a subsequent garnishment (*Walling* v. *Miller & Co.,* 15 Cal. 38), . . ."

So absolute are the priorities as between the assignment and the subsequent garnishment that most jurisdictions hold the debtor responsible to the assignee if he fails to set up the assignment in answer to the garnishment, providing, of course, he knows of the assignment. (Williston on Contracts, § 434; 52 A.L.R. 116; *Merchants' & Manufacturers' Bank* v. *S. W. Morten Lbr. Co.,* (Mo.App.) 247 S.W. 432; *Seymour* v. *C. Aultman & Co.,* 109 Iowa 297 [80 N.W. 401].) ▮ Since the invoices contained notice of the assignment, Sunbeam was obliged for its own protection to report it on the return to the garnishment.

▮ The assignment from respondent to Textile was valid by the laws of all three jurisdictions involved. Texas law was complied with by the filing of notice on December 22, 1952, New York law apparently required no filing or recordation of assignment (*State Factors Corp.* v. *Sales Factors Corp.,* 257 App.Div. 101 [12 N.Y.S.2d 12]) and as we discussed herein California law does not require recordation of an assignment made in another state by an assignee and assignor neither of whom reside or do business within the state of California.

318

■ Since Sunbeam was therefore indebted to Textile, and not to respondent, the attempted garnishment by appellant failed and as a concomitant his effort to acquire *quasi in rem* jurisdiction was unsuccessful. The trial court properly granted the motion to quash service.

The order is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied October 4, 1954.