[Civ. No. 40030. Second Dist., Div. Four. Dec. 29, 1972.]

FOUNT-WIP, INC., Plaintiff and Appellant, v.
EDWIN GOLSTEIN, Defendant;
EDITH GOLSTEIN, Third Party Claimant and Respondent.

## COUNSEL

Elstein, Spector, Richland & Buter and Robert N. Richland for Plaintiff and Appellant.

Rich & Ezer and Mitchel J. Ezer for Third Party Claimant and Respondent.

## OPINION

**JEFFERSON, J.**—Plaintiff Fount-Wip, Inc., a California corporation, obtained a default judgment for damages against defendant Edwin Golstein; it levied on Golstein's interest in the estate of Jack W. Soffer. Edith Golstein, Edwin's ex-wife, filed a third party claim to the estate interest, as Edwin's assignee. Plaintiff filed a petition to determine title, and the trial court ruled in favor of the third party claim. Plaintiff appeals the judgment.

The factual background of the dispute between the judgment creditor and the assignee is as follows: Jack W. Soffer died on May 18, 1968, and his will was admitted to probate in Los Angeles Superior Court. Edwin Golstein, Soffer's nephew and a resident of Florida, was named in the will as a residuary legatee.

On June 17, 1968, Edwin executed a written assignment, in Florida, of his interest in the Soffer estate to his wife, Edith Golstein. At the time the assignment was made, Edith was preparing to end her 14-year marriage to Edwin by divorce. Edith had married Edwin in 1954; at the onset of the marriage she had assets of $200,000. By 1968, most of these assets had been depleted because Edwin was not financially successful in a series of business ventures. Edith had made a number of business loans to Edwin over the years which Edwin was never able to repay. Edwin assigned his interest in the Soffer estate to compensate Edith for the loss of her assets. She filed for divorce and was granted a final judgment in Florida on April 18, 1969.

Plaintiff corporation filed its action against Edwin on May 15, 1969; on October 23, 1969, it attached Edwin's interest in the Soffer estate. The co-administrators CTA of the Soffer estate filed a petition for preliminary distribution, notifying the probate court of the plaintiff's attachment. Plaintiff obtained its default judgment against Edwin in March 1970 for $49,059.98.

The probate court made an order of preliminary distribution in the Soffer estate on April 3, 1970; that order provided that Edwin's share should be distributed to the Sheriff of Los Angeles County, subject to the plaintiff's writ of attachment. Plaintiff then obtained a writ of execution and levied on Edwin's interest.

On July 8, 1970, the co-administrators filed a petition for instructions in the probate court, seeking a determination of whether plaintiff or Edith Golstein was entitled to Edwin's share of the estate. On January 25, 1971, after a hearing, the probate court again ordered distribution of Edwin's interest to the sheriff, subject to the levy of the plaintiff, Edwin's judgment creditor. Thereafter, Edith filed the third party claim pursuant to Code of Civil Procedure section 689, which sets forth the procedure for litigating the title to personal property upon which there has been a levy; plaintiff responded by filing the petition to determine title.

The trial court held that the third party claim made pursuant to section 689 was an appropriate method of determining the ownership of the estate interest, and that the court had jurisdiction to hear and decide the

matter. It found that the assignment was valid; transferred Edwin's interest to Edith; and that the levies of the judgment creditor were ineffective against the assignment, which had been executed prior in time to the commencement of the judgment creditor's suit against Edwin.

■ Plaintiff contends that the trial court erred in holding that Edith's rights by assignment were superior to plaintiff's attachment and execution, because the court failed to take into account Code of Civil Procedure section 1908, subdivision 1, which provides that judgments or orders made by the probate court are conclusive with respect to the title of property contained in an estate. Plaintiff argues that the order of preliminary distribution made by the probate court, directing that Edwin's interest be turned over to the levying officer, conclusively established plaintiff's right to the property.

There is no question that an order of preliminary distribution is conclusive as to the rights of heirs, legatees and devisees claiming under the will. (Prob. Code, § 1021; *Estate of Loring,* 29 Cal.2d 423 [175 P.2d 524].) However, neither the judgment creditor nor the third party claimant were claiming ownership based upon testamentary rights. It has been held that an assignee can establish the right to title in property held by an heir, devisee or legatee in an independent proceeding; as to the assignee, the probate court order of preliminary distribution is not conclusive. (*McGee* v. *Allen,* 7 Cal.2d 468 [60 P.2d 1026].) The order of distribution in the Soffer estate conclusively determined that Edwin was entitled to a certain share of the Soffer estate. What it did not determine was the status of other persons claiming title.

■ Probate Court section 1020.1 states that "[t]he court before making forth the procedure for litigating a third party claim to personal property which has been attached, is not a proper method for adjudicating a claim concerning an interest in an estate. Plaintiff refers to Probate Code section 1020.1, which specifically provides for inquiry by the probate court into assignments by heirs prior to distribution; and argues that this provision precludes alternative methods of litigation.

■ Probate Code section 1020.1 states that "[t]he court before making distribution of any property of a decedent to any assignee . . . *may* . . . inquire into the consideration for such assignment . . . and if it finds that the . . . consideration paid by any such heir . . . is grossly unreasonable or that any such assignment . . . was obtained by duress, fraud or undue influence it *may* refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable. . . ." (Italics added.) The section was originally devised by the Legislature to provide the probate court with

some control over "heir hunting." However, the section has been construed as being applicable not only to heir hunters but to assignees and transferees generally. (*Estate of Peterson*, 259 Cal.App.2d 492 [66 Cal.Rptr. 629].) The court has discretion in determining whether to effectuate the assignment or transfer in question. (*Estate of Simmons*, 217 Cal.App.2d 580 [31 Cal. Rptr. 861].) Section 1020.1 has been described as permissive rather than mandatory (*Estate of Kerr*, 63 Cal.2d 875, 879, 880 [48 Cal.Rptr. 707, 409 P.2d 931]), and there is nothing in the statutory language itself, or the cases, which suggests that it affords an exclusive method of litigating the claim of a stranger to the estate.

■ Plaintiff contends that the trial court erred in concluding that Code of Civil Procedure section 561 gave the third party claimant the right to make a claim after the decree of distribution became final. Code of Civil Procedure section 561 provides in pertinent part, that: "A copy of said writ of attachment . . . shall . . . be filed in the office of the clerk of the court in which said estate is being administered and the personal representative shall report such attachment to the court when any petition for distribution is filed, and in the decree made upon such petition distribution shall be ordered to such heir, legatee or devisee, but delivery of such property shall be ordered to the officer making the levy subject to the claim of such heir, legatee or devisee, or any person claiming under him. The property shall not be delivered to the officer making the levy until the decree distributing such interest has become final."

Prior to the enactment of this section in 1923, a distributee's share of an estate could not be attached. The statute created a new remedy. (*In re Durel* (9th Cir. 1926) 10 F.2d 448, 450.) It has been held applicable to both writs of attachment and writs of execution. (*In re Estate of Lind*, 1 Cal.2d 291 [34 P.2d 486].) In *Noble* v. *Beach*, 21 Cal.2d 91 [130 P.2d 426], the statute was interpreted as procedural, rather than determinative of the rights of a judgment creditor.

Plaintiff contends that the fact that the section provides that the probate court cannot distribute the property to the levying officer until the decree of distribution has become final shows legislative intention that persons claiming the property litigate their claim in the probate court prior to the decree of distribution; and that since Mrs. Golstein did not do this, she is precluded from further pursuing the matter. We think the statutory language was intended to prevent distribution to the levying officer prior to a final determination that the *distributee* (heir, legatee or devisee) was entitled to distribution. Nothing contained in Code of Civil Procedure section 561 precludes the assignee of an heir from contesting ownership of the property after it has in fact been delivered to the levying officer.

Plaintiff contends that the third party claim represented a collateral attack on the decree of distribution. We do not agree. The argument rests upon plaintiff's erroneous misconception of the nature of the decree of distribution made by the probate court. It *conclusively* determined that Edwin was entitled to a certain share of the Jack W. Soffer estate. It followed the dictates of Code of Civil Procedure section 561 in distributing that share to the levying officer. It did not determine whether the judgment creditor or the third party claimant was the owner of Edwin's share, but left the parties to litigate their claims elsewhere.

■ While Code of Civil Procedure section 689 apparently has not previously been applied to a situation where title to a portion of an estate, seized by levy, is in issue, there appears to be no reason why it should not be so used. It is a summary, statutory method for determining the title to personal property; the burden of proof is upon the third party claimant to establish his right to the property in question. (*Dingwall* v. *Anderson,* 271 Cal. App.2d 658, 661 [76 Cal.Rptr. 827]; *Sherwood* v. *Cornfield,* 216 Cal. App.2d 364, 369 [31 Cal.Rptr. 264].) The statute does not exclude estate interests which consist of personal property.

Since we have concluded that the trial court was correct in determining that it was the suitable arena for the litigation of this matter, the question remains as to whether its ruling that the assignment, made prior in time, prevailed over the levy of the judgment creditor, is correct.

■ A valid assignment has priority over a subsequent levy; the attaching creditor's notice of the assignment or lack of it is immaterial. (*Smith* v. *Harris,* 127 Cal.App.2d 311 [273 P.2d 835]; *Northern Counties Bank* v. *Earl Himovitz & Sons Livestock Co.,* 216 Cal.App.2d 849 [31 Cal.Rptr. 551].) ■ The theory is that a creditor can levy effectively only on the debtor's present interest; if the debtor has none because he has assigned that interest to another, there is nothing for the creditor to reach. In *Himovitz,* cited *supra,* the court found a prior assignment, made in good faith, without the intention of defrauding creditors, had priority over a subsequent attachment. The assignment was made in consideration for an antecedent debt.

In the instant case, Mrs. Golstein's claim was founded on a valid assignment made in good faith almost a year before the plaintiff filed suit against Mr. Golstein, and the consideration, an antecedent debt, was sufficient to

support the transfer. Her perfected claim was entitled to priority, and the trial court's award of the estate interest to her was correct.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 22, 1973.